**J. L. STOKES et ux., Appellants,**

v.

**Guy A. THOMPSON, Trustee, et al.,
Appellees.**

**No. 3483.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 8, 1960.

Rehearing Denied Jan. 29, 1960.

————◆————

Little, Zorn & Girardeau, Joseph R. Zorn, James W. Girardeau, Baytown, for appellants.

Arterbury, Hoover & Graham, Howard S. Hoover, for appellees.

GRISSOM, Chief Justice.

J. L. Stokes and wife, in June, 1953, sued the Beaumont Sour Lake and Western Railway Company and the Houston North Shore Railway Company for damages caused by a collision on December 20, 1952, between the Stokes' automobile and an interurban train operated by an employee of Guy A. Thompson, trustee for said railways. They sought to recover for injuries to Mrs. Stokes and their minor children and damage to their automobile. An answer was filed for said railway companies by the Honorable Roy L. Arterbury of the firm of Woodul, Arterbury & Wren. More than two years after the accident said attorneys called plaintiffs' attention to the fact that said companies were in receivership. Plaintiffs were granted a continuance and, on March 4, 1955, they filed an amended petition in which Guy A. Thomp-

son, trustee for said companies, was made a defendant. Said companies were in receivership from May, 1933, to March 1, 1956. On the last mentioned date the reorganization proceedings were closed and the assets of said railway companies were transferred to the Missouri-Pacific Railroad Company. After the receivership terminated and said assets were transferred, plaintiffs again amended their petition and made the Missouri-Pacific Railroad Company a defendant. All of said companies and said trustee had the same agent in Texas for service. All answers in the case were filed by Mr. Arterbury or by attorneys who are now his partners. A jury found the defendants guilty of negligence which was a proximate cause of plaintiffs' injuries and damages, fixing the minors' damages at $450 and Mr. and Mrs. Stokes' damages at $10,000. Holding that the adult plaintiffs' cause of action was barred by the two year statute of limitation, the court rendered judgment for the minor children for $450, but refused to render judgment for the adult plaintiffs. Mr. and Mrs. Stokes have appealed.

Although appellants present many points, the sole question to be decided is whether appellants' cause of action against Guy A. Thompson, trustee, was barred by limitation because he was made a defendant more than two years after the accident. Appellants contend that the statute was tolled as to the trustee when said railway companies were sued; that Guy A. Thompson, trustee for said railway companies, was the real party in interest and that to hold the statute operated against appellants under the circumstances would violate the purpose and spirit of Articles 5526 and 5539b. In support thereof, they cite Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816. Appellants call particular attention to the statements in that opinion that the material change between parties was the capacity in which the defendant was sued and that this is important for the purpose of determining the property from which appellants could collect a judgment; that, although in the Hallaway case Thompson was sued as a trustee for the wrong railway, nevertheless, he was notified of the plaintiffs' claim and the transaction out of which it arose; that Thompson and his counsel, who represented him throughout said litigation regardless of the capacity in which he was being sued, were then given timely opportunity to interview witnesses and obtain evidence to defend said suit and that said defendant could not have been mislead by plaintiffs' petition as to who was alleged to have caused the injury. Appellants say the instant case is stronger than the Hallaway case because in that case an entirely different railway company was involved and, therefore, different stockholders and assets were involved; while in the instant case the same assets and stockholders are involved. They say that Thompson, trustee, could not, in the language of Article 5539b, be considered as an entirely new defendant because he was never sued as an individual, but only as trustee of the corporations originally sued. Appellants cite many authorities which they contend support, or tend to support, their conclusion that the court erred in holding that the adults' suit against the trustee was barred.

We are forced to the conclusion that institution of suit against the railway companies, when they were being operated by and under the control of the trustee, did not toll the statute as to said trustee and limitation continued to run until the trustee was made a defendant. The authorities upon which appellants depend are distinguishable because they involve cases wherein there was a misnomer of defendant or a cause of action against a corporation was asserted after termination of a receivership, discharge of the receiver and return of the corporation assets to it by a receiver or trustee. See 8 A.L.R.2d 176, 177. In Minter v. Gulf, C. & S. F. R. Co., Tex. Civ.App., 245 S.W. 476 (Writ Dis.), plaintiff sued the railroad company for damages incurred on August 17, 1919. The suit was filed against the railroad company

within two years thereafter, but more than two years thereafter, Davis, federal agent, was made a defendant. The court sustained the agent's exception to the effect that the two year statute of limitation had run prior to the time Davis, agent, was made a party. In Dillingham v. Anello, Tex.Civ.App., 29 S.W. 1103, Anello sued the Houston and Texas Central Railroad Company for damages which arose on August 4, 1890. The receiver for said railroad was not made a party until July, 1892. (A one year statute of limitation was then applicable.) Judgment was rendered against both the railroad and the receiver. The Court said that at the time the matters complained of occurred, said railroad company was in the hands of Dillingham, as receiver, and was being operated by him to the exclusion of the railroad company. The court held that timely suit against the railroad company did not stop the running of limitation against the receiver. In connection therewith appellees call attention to 11 U.S.C.A. § 205 of the Bankruptcy Act which reads as follows:

"If the petition is so approved, the court in which such order is entered shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located, and shall have and may exercise in addition to the powers conferred by this section, all the powers, not inconsistent with this section, which a Federal court would have had if it had appointed a receiver in equity of the property of the debtor for any purpose."

Appellees say that the trustee in the instant case had all the powers of a receiver; that a receiver was involved in the Dillingham case and, therefore, the Dillingham case is direct authority supporting the court's conclusion that appellants' cause of action was barred by the two year statute. They also cite West v. Johnson, Tex.Civ.App., 129 S.W.2d 811 (Writ Ref.); Hunt v. Employers Reinsurance Corp., Tex.Civ.App., 219 S.W.2d 483 (RNRE) and Nail v. Wichita Falls & Southern Railroad Company, Tex.Civ.App., 294 S.W.2d 431. We think appellees accurately distinguish the holdings in the cases relied upon by appellants. They also aptly call attention to the statement of our Supreme Court in Hallaway v. Thompson, supra, 148 Tex. 471, 226 S.W.2d 823, that, "Of course, this rule would not apply to an entirely new defendant who is brought in for the first time by an amendment." We must hold that Thompson, trustee, was a new defendant and that appellants' cause of action was barred by limitation. The judgment is affirmed.