J. L. STOKES, ET AL V. THE BEAUMONT, SOUR LAKE & WESTERN RAILWAY COMPANY, ET AL.

No. A-7748. Decded November 2, 1960.
(339 S.W. 2d Series 877)

*Little, Zorn & Girardeau* and *James W. Girardeau,* of Bay-town for petitioners.

*Hutcheson, Taliaferro & Hutcheson, Arterbury, Hoover & Graham, Howard S. Hoover* and *Carroll R. Graham,* all of Houston, for respondents.

MR. JUSTICE CALVERT delivered the opinion of the Court.

The only question before us is whether suit against Beaumont, Sour Lake and Western Railway Company and Houston North Shore Railway Company interrupted the running of the two-year statute of limitations (Art. 5526, V.A.T.C.S.) on a cause of action against Guy A. Thompson, Trustee, for personal injuries and property damage sustained in a collision. The trial court and the Court of Civil Appeals have held that it did not. 331 S.W. 2d 94. We agree.

The collision giving rise to petitioners' cause of action occured in December, 1952. Suit was filed against the railways in June 1953. By amended petition filed in March, 1955 Guy A. Thompson, Trustee of the aforementioned railways, was made a party defendant. On all of the dates mentioned the affairs of both of the railways were being administered, and their operations conducted, by Guy A. Thompson, Trustee in a re-organization proceeding under Title 11, Sec. 205, U. S. Code Annotated. The other essential facts in the case are correctly set out in the opinion of the Court of Civil Appeals and need not be repeated here. The law applicable to the facts is also correctly announced in that opinion and no good purpose would be served by restating it here. The conclusion reached by the Court of Civil Appeals is supported by Dillingham v. Anello, Texas Civ. App., 29 S.W. 1103, no writ history, and Minter v. Gulf C. & S. F. R. Co., Texas Civ. App., 245 S.W. 476, writ dismissed. See also Memphis & C. R. Co. v. Hoechner, C.A.A., 6th Cir., 67 Fed. 456, and Wagner v. N. Y., Ontario and Western Railway, 146

242

Fed. Supp. 926, 929-933. None of the cited cases is binding on this court, but we approve the rule of the Anello and Minter cases. The enactment of Art. 5539b, V.A.T.C.S., has not weakened the soundness of the rule laid down in those cases. That article does not purport to deal with amendments which add, drop or change parties to a suit.

Cases cited by petitioners are not in point. Hallaway v. Thompson, 148 Texas 471, 226 S.W. 2d 816 and O'Quinn v. Scott, Texas Civ. App., 251 S.W. 2d 168, writ refused, hold that the running of the statute of limitations is interrupted by suit against correctly named defendants even though they are sued in an improper capacity. See also Kopperl v. Sterling, Texas Civ. App., 241 S.W. 553, writ refused. Pickering Mfg. Co. v. Gordon, Texas Civ. App., 168 S.W. 14, no writ history, and Craig v. White Plaza Hotel, Texas Civ. App., 289 S.W. 2d 625, writ refused, n.r.e., hold that the running of the statute is interrupted by suit against proper defendants improperly named. See also Adams v. Consolidated Underwriters, 133 Texas 26, 124 S.W. 2d 840; Abilene Ind. Tel. & Tel. Co. v. Williams, 111 Texas 102, 229 S.W. 847. Both rules are well settled and sound. This case simply does not fall into either of those categories. In this case suit was against corporate defendants which could not be liable, St. Louis, B. & M. Ry. Co. v. Zamora, Texas Civ. App., 110 S.W. 2d 1242, no writ history, and that suit did not stop the running of the statute in favor of a different defendant who could be held liable.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 2 1960.