**Kenneth BARNETT et al., Appellants,**

v.

**HOUSTON NATURAL GAS COMPANY et al., Appellees.**

**No. 7068.**

Court of Civil Appeals of Texas, El Paso.

May 13, 1981.

Rehearing Denied June 10, 1981.

the appeal or writ of error, files with the court within ten days a response showing grounds

Childs & Bishop Law Offices, Inc., Jerry P. Childs, Odessa, for appellants.

for continuing the appeal or writ of error.

Shafer, Gilliland, Davis, McCollum & Ashley, Inc., Elton Gilliland, Odessa, for appellees.

Turpin, Smith, Dyer & Saxe, James T. Smith, Midland, for intervenor.

## OPINION

OSBORN, Justice.

This is a suit to recover damages for personal injuries in which the trial Court entered a summary judgment because the correct defendant was not sued within two years from the date of the accident. We affirm.

Kenneth Barnett was injured while working as an employee of Devonian Well Service, Inc., on a well in Winkler County. He was paid worker's compensation benefits, and Texas Employers' Insurance Association is an intervenor. The accident occurred on February 24, 1976. Mr. Barnett filed a third-party suit against Houston Natural Gas Company on February 21, 1978, three days before limitations would run on such a suit. On March 17, 1978, the Defendant filed a general denial. In fact, the correct name of such company was Houston Natural Gas Corporation.

On February 20, 1979, an amended petition was filed in which HNG Oil Company was joined as a Defendant. That Defendant pled limitations under Article 5526, Tex. Rev.Civ.Stat.Ann. Both Defendants filed a motion for summary judgment. The Plaintiff filed no reply or response to the motion. Attached exhibits showed that Houston Natural Gas Corporation was issued a Charter as a Texas corporation on May 29, 1940, and HNG Oil Company is a Delaware corporation which was issued a Certificate of Authority to do business in Texas on December 28, 1954. The supporting affidavits showed that the well where the accident occurred was owned and being operated by HNG Oil Company on February 24, 1976, and Houston Natural Gas Corporation had never owned or operated the well. The trial Court entered summary judgment for both Defendants. Barnett appeals only as to HNG Oil Company.

The first point of error asserts that Article 5526, Tex.Rev.Civ.Stat.Ann., is not applicable to the facts in this case and the second point asserts that there is a fact issue as to the application of the two-year statute of limitations. First, we must note that under the holding in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), where the non-movant files no response to the motion for summary judgment, on appeal, he can only attack "the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment." Under the holding in *Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502 (Tex.1979), a non-movant needs no response to the motion for summary judgment in order to urge on appeal that the movant's proof was insufficient to establish as a matter of law the specific grounds relied on by the movant. We have concluded that, under these holdings, we may consider both points of error.

The general rule is that the institution of a suit against one corporation will not interrupt the running of the limitation period as to a different corporation or entity. *Stokes v. Beaumont, Sour Lake & Western Railway Company*, 161 Tex. 240, 339 S.W.2d 877 (1960); *Cormier v. Texas Employers' Insurance Association*, 564 S.W.2d 177 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e). The critical issue is whether the party claimed to be responsible was in fact put on notice as to the claim being made against it in the pending suit. The principles relevant to this issue are summarized in 2 McDonald, Texas Civil Practice, sec. 8.12.3 (1970), as follows:

> The rule is that when a petition is filed with the intention of suing the correct party and personal service of citation in fact is had upon the correct person or corporation or other defendant, but inadvertently an incorrect name is used or the defendant's capacity is incorrectly stated, the actual defendant is put on notice of the pendency of the suit and of the fact that the intention was to sue him, and the error is a matter of abatement which may be waived by his failure to object or

which may be cured by an amendment which, when filed, relates back to the date of filing of the original petition. Similarly, an amendment properly may state the liability of a successor to the original defendant who has become obligated upon the original claim. The element of actual notice based upon the service of process is vital in these cases, for if the defendant intended to be sued has not been served upon the original petition which contains the misnomer, and does not waive the lack of service or appear generally, limitations is not tolled, and the defendant will not be deemed to be in court until the amendment is filed and followed by appropriate diligence in service.

. . . .

Thus, where there are two existing corporations at the date of institution of suit, the petition seeks recovery against one subsequently found to be the incorrect defendant, and citation is served upon such incorrect corporation, an amendment setting up the name of the correct defendant tolls limitations only from the date of its filing, even though the person served was also an agent for the correct defendant. 'The test seems to be whether or not the right person was sued and whether or not he was put on notice that he, and not some other person, had been sued.' Limitation is tolled, therefore, only as to the actual owners of the claim asserted in the original petition and the actual defendants intended to be sued and in fact put on notice that they are being sued [footnotes omitted].

*Thomas v. Cactus Drilling Corporation of Texas*, 405 S.W.2d 214 (Tex.Civ.App.—Austin 1966, no writ), is a case where the plaintiff sued the wrong party on the basis of a mistaken identity where there were two distinct corporations. The Court concluded that a suit against Cactus Drilling Company did not prevent the running of limitations against Cactus Drilling Corporation of Texas. In reaching that result, the Court said:

If a person thought to be named A is sued and served under that name the judgment against him is valid even though his name is B. But if one has a cause of action against a person whose name is A and there is another person with the same or similar name, service on the person against whom one has no cause of action will not support a judgment against the one amenable to the cause of action asserted.

The Appellant relies primarily upon *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex. 1975), and *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975). We conclude that neither case is controlling on the facts now before this Court. In the *Price* case, the issue involved the entity to be sued. Suit was filed against the "estate," which was not a legal entity, rather than being filed against the personal representative. But, citation was in fact served upon the personal representative so as to give notice to the party required to be served. In our case, there was no service on HNG Oil Company until more than three years after the accident in question.

In the *Hilland* case, the issue revolved around a "trade name" used by many different bus companies. In that case, the plaintiff fell on a bus owned by Continental Southern Lines, Inc., but being operated under the trade name of "Continental Trailways." In our case, there was no use of a trade name and nothing to suggest that HNG Oil Company ever held itself out to the public as operating under any name other than that listed on its charter.

■ At the hearing on Mr. Barnett's motion for new trial, no evidence was offered to show that citation might originally have been sent to the party that should have been sued, as occurred in the *Hilland* case. Likewise, no contention is made, as there was in *Hilland*, that the "liable defendant" (if in fact liability does exist) caused or acquiesced in the filing of the answer by a "non-liable defendant." Also, it must be noted that in Mrs. Hilland's case, suit was originally filed some five months before limitations would run on her cause of action, and an amended pleading after the original answer could have joined the "lia-

ble defendant." In our case, suit was filed three days before limitations ran and, regardless of the answer made by the original defendant, no amended pleading could timely join another party. In the *Hilland* case, there existed an opportunity for the "liable defendant" to "lie behind the log" and let limitations run. No such opportunity existed in our case. By the time answer day arrived for Houston Natural Gas Corporation, limitations had already run on any claim against HNG Oil Company.

Appellant's two points of error are overruled. The judgment of the trial Court is affirmed.