**Magdalena CASTRO and Pauline Medina, Appellants,**

v.

**HARRIS COUNTY and Harris County Flood Control District, Appellees.**

**No. 01–83–0168–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1983.

Rehearing Denied Dec. 30, 1983.

Robert Oberholtzer, Houston, for appellants.

Mike Driscoll, Scott R. Link, Frank E. Sanders, Randall W. Morse, Houston, for appellees.

Before DOYLE, WARREN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from an order sustaining Harris County's plea in bar, the Harris County Flood Control District's plea of limitations, and dismissing appellants' suit.

On October 25, 1979, the appellants were injured when their car collided with a truck owned by Harris County Flood Control District (District) and operated by the District employee in the course of his employment. On November 14, pursuant to Section 16 of the Texas Tort Claims Act (Article 6252–19, Tex.Rev.Civ.Stat.), the appellants mailed a "Notice of Injury and Claim" to the acting director of the District. On November 16, the District notified the appellants that their case would be handled entirely by the Harris County Attorney's Office.

In September, 1980, the appellants sent a demand letter to the County Attorney's Office threatening to file suit, if the case were not settled. In February, 1981, the appellants filed suit, naming Harris County as defendant, and serving citation on Harris County Judge Jon Lindsay.

On March 23, 1981, more than seven months prior to the running of the two year statute of limitations, the Harris County Attorney filed an answer in the name of Harris County which consisted of a general denial and a plea of sovereign immunity. This answer made no mention of a defect of parties. Three months after the limitations had run, a plea in bar was filed, in the name of Harris County. After the appellants

amended to formally name the District as a party defendant, the District filed a plea of limitations. The court sustained both pleas and dismissed the cause. Appellants bring three points of error, claiming that the court erred: (1) in sustaining the District's plea of limitations and dismissing the cause against the District, because the District had knowledge within the limitation period that it was the intended target of Plaintiff's suit, and was not deprived of an opportunity to investigate or defend the case; (2) in sustaining the District's plea of limitations and dismissing the case, because plaintiffs' timely filed original petition tolled the statute of limitations; and (3) in sustaining the District's plea of limitations and dismissing the case, because plaintiffs' first amended original petition related back to the date of the original petition. Each of the foregoing points of error are germane to each other and will be discussed jointly. The central issue to be decided in this case is whether, under the facts herein, the equitable principles of *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975) and other cases of similar holding should prevail.

The appellants argue that it was a misapplication of the statute of limitations to rule that their case was barred when the appellants' original petition was timely filed, and, when the District had ample, actual notice, that it was the intended target of the suit. The appellants argue that this type of "unusual circumstance" is controlled by *Price, supra,* and *Continental Southern Lines v. Hilland,* 528 S.W.2d 828 (Tex.1975).

In *Price,* the appellant originally sued the estate of the deceased, under the mistaken belief that the estate was a legal entity. Although the appellants amended the petition after the statute of limitations had run, the trial court granted the estate's motion to dismiss. The Texas Supreme Court found that this was not a true case of misnomer, but a case in which there was a mistake of law as to the party who should have been sued. After considering that the original petition was timely filed, that citation was promptly served on the temporary administrator, and that the administrator actually answered for the estate, the Court

ruled that the purpose of the statute of limitations would be given effect by allowing the amended petition to relate back to the date of the filing of the original petition. *Price,* 522 S.W.2d at 692.

In *Continental,* the Texas Supreme Court applied the holding in *Price* to another non-misnomer case, and held that it would be a misapplication of the statute of limitations to hold that plaintiff's action was barred, if the plaintiff could prove that the "true defendant was cognizant of the facts, and was not misled or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Continental, supra,* at 831.

The appellees contend that this is a pure case of suing the wrong party, and, that the situation is controlled by *Thomas v. Cactus Drilling Corporation of Texas,* 405 S.W.2d 214 (Tex.Civ.App.—Austin 1966, no writ). In that case it was held that where two separate and distinct entities were sued, the statute of limitations was tolled as to the time the proper entity is brought into the suit, not when the original pleading was filed. Therefore, the appellees argue, in the instant case, the appellants' amended petition would be barred, because the proper entity (the District) was not brought into the suit until after the statute of limitations had run. We find *Thomas* to be distinguishable for this reason: the two entities in the case before us are for all practical purposes, if not legal purposes, one and the same since both are controlled and governed by Harris County. Neither does *Thomas* match the other facts found in our case which we conclude bring the instant case within the rationale of *Price.*

The District was clearly aware of the appellants' injuries and their claim for damages because the District received appellants' notice of injury and claim. This notice, filed only three weeks after the incident, included the time, date, and place of injury, the manner in which the injuries arose, and identified the appellants' attorney. In a letter responding to this notice, James B. Green, Acting Director of the District, advised the appellants that their

claim, and all further correspondence would be handled by the Harris County Attorney's Office. The record also reflects that such correspondence included copies of appellants' medical reports, physician's statements, and out of pocket expenses.

There is little doubt that the County Attorney's Office, which is required by law to defend and represent the District, knew that the District was the true target of the suit. Indeed, the District was specifically named in the original petition. We quote two paragraphs to show this.

### V.

At all times material herein Osawe Oriakhi was an employee of the Harris County Flood Control District and was operating a truck owned by the Harris County Flood Control District in the course of his employment.

### VI.

The Harris County Flood Control District is not a separate unit of government under the Texas Tort Claim Act. It is rather a part of the unit of government known as Harris County, Defendant herein, and is governed and controlled by the Commissioners Court of Harris County.

Moreover, the appellants served the Honorable Jon Lindsay of the Commissioners Court with notice of the suit. The Commissioners Court also governs the District. Judge Lindsay, the chief executive officer of the County, forwarded the appellants' citation and correspondence to the County Attorney's office, which had been already handling the appellants' case for 14 months before the suit was filed. From such a position, the County was able to investigate the claim, and it was not misled or placed at any disadvantage in obtaining relevant evidence to defend the suit.

■ Article 5526, of the Tex.Rev.Civ. Stat.Ann. (Vernon 1966) provides for a two-year period of limitations in which to bring a personal injury action. The general purpose of a statute of limitations is to "compel the exercise of a right of action within a reasonable time so that the opposing party has fair opportunity to defend, while witnesses are available and evidence is fresh in their minds." *Price, supra* at 692.

The statute of limitations herein involved was not created to provide a log behind which opportunistic defendants could smugly lay for two years and then emerge solemnly proclaiming their statutory rights under the provisions of art. 5526, when the facts show that such defendants were fully aware that the plaintiffs were legally mistaken as to their true identity.

■ We have examined each case relied upon by the appellees and find that none contains facts which would prevent the application of the equitable principles as set forth in *Price* and followed in later decisions. Most of the cases relied upon by the appellees reveal that the plaintiffs sued the wrong persons or the wrong entities. The general rule is that the statute of limitations is not tolled under such circumstances. *Stokes v. Beaumont, Sour Lake and Western Railway,* 161 Tex. 240, 339 S.W.2d 877 (1960); *Marez v. Moeck,* 608 S.W.2d 740 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Krenek v. Epps Supermarket No. 2, Inc.,* 377 S.W.2d 753 (Tex.Civ.App.—Austin 1964, no writ).

■ In recent decisions, the courts have shown a tendency to carefully examine the facts before sustaining the application of the limitation statutes. Thus the reviewing court must examine the entire record to determine an appellant's contention that the unsued party had notice and reasonable opportunity to defend. See *Howell v. Coca Cola Bottling Co. of Lubbock,* 595 S.W.2d 208, 212 (Tex.Civ.App.—Amarillo 1980, no writ). In that case, the court stated that "our courts have tempered the harshness of statutes of limitations by refusing to apply them in unusual situations, where the proper defendant was cognizant of the facts and was not misled or placed at a disadvantage in obtaining relevant evidence to defend the suit." The court further stated that there must be direct or inferential support in the

record of the above facts, before the court could apply this equitable principle. *Id.*

In *Barnett v. Houston Natural Gas Company,* 617 S.W.2d 305 (Tex.App.—El Paso 1981, reh. den.), the court stated that "the critical issue is whether the party claimed to be responsible was in fact put on notice as to the claim being made against it in the pending suit. *Id.,* at 306. If the record does not reflect that the true defendant was aware of the pending litigation, the court will not apply the equitable principle. *Barnett, supra; Howell, supra;* and *Sanchez v. Aetna Cas. & Sur. Co.,* 543 S.W.2d 888 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

■ We think the instant case presents the "unusual circumstances" which warrant the application of the principles of equity discussed in *Price.* Here, the evidence amply shows the true defendants' receipt of actual and complete notice of appellants' claim within the limitation period. Thus, the purpose of the statute of limitations has been met. We sustain the appellants' points of error.

The judgment of the trial court is reversed and the appellants' cause of action is ordered reinstated.

LEVY, Justice, concurring.

Fully concurring in the majority opinion of Mr. Justice Doyle, I wish to add a few thoughts that have been provoked by the circumstances of this case.

While it may be arguable that a governmental unit cannot be estopped from raising a substantive defense, it is quite clear and equitable that it may be estopped from raising *procedural* defenses. *Roberts v. Haltom City,* 543 S.W.2d 75 (Tex.1976); *City of Houston v. Black,* 571 S.W.2d 496 (Tex.1978). Estoppel applies, certainly, to the plea of limitations. *Gibson v. John D. Campbell & Co.,* 624 S.W.2d 728, 733 (Tex. Civ.App.—Fort Worth 1981, no writ); *Mandola v. Mariotti,* 557 S.W.2d 350, 351–2

(Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

To me, it is simply inappropriate, bordering on the ignoble, for government officials to play a "shell game" with citizen litigants as has been done herein. Surely a governmental body should have a higher standard of conduct than that which prevails in the marketplace, but its invocation of Art. 5526 after expiration of the two-year statute of limitations would tend to indicate that the County Attorney's office has a different set of priorities. Essentially, "estoppel" is an equitable, not legal, principle and in this case it requires a governmental unit to speak where in good conscience and equity it *ought* to speak. Cf. *Artico-Bell Corporation v. City of Temple,* 616 S.W.2d 190 (Tex.1981).

The Harris County Attorney's office represents no ordinary party to a controversy, but a client whose chief business is to establish justice, not to achieve victory.

To paraphrase a statement from the United States Department of Justice, the State of Texas wins its point in the courts whenever justice is done one of its citizens.[1]

---

1. "CITIZEN" in this particular context is meant to include, of course, *any* person who resides in this State.