TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00424-CV






Janet Yarrow, Appellant



v.



Carmel Companies, Inc., Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 98-0813A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING






 Janet Yarrow appeals a summary judgment granted in favor of Carmel Companies,
Inc. in a personal injury cause of action. The issue presented is whether Yarrow used due
diligence in obtaining service on Carmel after the statute of limitations expired on her claims. In
two points of error, Yarrow contends that the trial court erred in granting summary judgment
because (1) Carmel did not prove that it was entitled to judgment as a matter of law and (2)
Carmel is prohibited by equitable estoppel from asserting a limitations defense. We affirm the
trial court's judgment.


Background

 On August 7, 1998, Yarrow sued Carmel for negligence, alleging that on August
9, 1996, she was injured in a fall at a spa at the Autumn Chase Apartments which were owned and
operated by Carmel. Citation was issued on May 17, 1999, and Carmel was served on September
7, 1999, more than one year after the statute of limitations had run. Carmel moved for summary
judgment, asserting that the two-year statute of limitations barred the suit because Yarrow did not
use due diligence in effecting service of process.

 In her response to the motion for summary judgment, Yarrow contended that she
demonstrated due diligence in service of citation by stating a reasonable explanation for the delay
between the expiration of limitations and the service of citation. Specifically, in an affidavit
attached to the response, Yarrow's attorney contends that he entered into an oral agreement with
the insurance company adjuster to postpone service because of ongoing settlement negotiations. 
In deposition testimony attached to Yarrow's response, the adjuster denied having any
conversations or communications with Yarrow or her attorney in which she agreed to a delay of
service.


Standard of Review

 The standards for reviewing a summary judgment motion are well-established: (1)
the movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the non-movant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985). If the defendant bases his motion for summary judgment on an affirmative
defense, as in this case, he must prove all the elements of the defense as a matter of law. 
Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984).

 A defendant moving for summary judgment on the affirmative defense of limitations
must prove conclusively the elements of that defense. Velsicol Chem. Corp. v. Winograd, 956
S.W.2d 529, 530 (Tex. 1997). Once the movant establishes a right to summary judgment, the
non-movant must expressly present any reasons avoiding the movant's entitlement and must
support the response with summary judgment proof to establish a fact issue. Westland Oil Dev.
Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982). Where the non-movant pleads
diligence in requesting issuance of citation and service of process, the limitations defense is not
conclusively established until the movant meets his burden of negating the proof or its
applicability. Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975).


DISCUSSION


Due Diligence

 In her first point of error, Yarrow contends the trial court erred because Carmel
failed to prove that it was entitled to summary judgment as a matter of law. She further argues
that Carmel did not show as a matter of law that she failed to exercise reasonable diligence in
procuring service of citation. By offering a reason for the delay, Yarrow contends she created a
fact issue to defeat Carmel's motion for summary judgment. Carmel maintains that Yarrow's lack
of diligence between August 7, 1998, when suit was filed, and September 7, 1999, when Carmel
was served, amounts to lack of diligence as a matter of law, and that Yarrow's explanation for the
failure is insufficient to defeat the summary judgment motion. For Carmel to prevail on its
affirmative defense that the cause is barred by the statute of limitations because process was not
served within the limitations period, it must show that, as a matter of law, it is entitled to summary
judgment and diligence was not used to effectuate service. See Gant v. DeLeon, 786 S.W.2d 259,
260 (Tex. 1990).

 To toll the statute of limitations, a plaintiff must not only file suit within the
limitations period but also must exercise due diligence in procuring the issuance and service of
citation. See, e.g., id.; Zale Corp., 520 S.W.2d at 891; Rigo Mfg. Co. v. Thomas, 458 S.W.2d
180, 182 (Tex. 1970). The purpose of a statute of limitations is not only to encourage a plaintiff
to prosecute her claims within a certain period of time but to advise the defendant of the claims
against him in a timely fashion so that he may prepare his defense "while witnesses are available
and the evidence is fresh in their minds." Price v. Estate of Anderson, 522 S.W.2d 690, 692 (Tex.
1975). Thus, the service of process gives the defendant legal notice of the allegations against him. 
For these reasons, courts have held that to "bring suit," as contemplated by a statute of limitations,
a plaintiff must both file her action and have the defendant served with process. Gant, 786 S.W.2d
at 260.

 When a plaintiff files suit within the limitations period but does not serve the
defendant until after the statutory period expires, the date of service relates back to the date of
filing only if the plaintiff exercises diligence in effecting service. Id. The duty to exercise
diligence continues until service of process is achieved. Broom v. MacMaster, 992 S.W.2d 659,
664 (Tex. App.--Dallas 1999, no pet.).

 The existence of diligence is normally a question of fact, but if no valid excuse is
offered for a delay in the service of citation, a lack of diligence will be found as a matter of law. 
Perry v. Kroger Stores, 741 S.W.2d 533, 534 (Tex. App.--Dallas 1987, no writ). In a case
involving a lapse of time, the question of due diligence is determined by looking at (1) the time
taken to procure citation and service and (2) the type of effort or lack of effort the plaintiff
expended in procuring service. Webster v. Thomas, 5 S.W.3d 287, 289 (Tex. App.--Houston
[14th Dist.] 1999, no pet.). An offered explanation must involve diligence to seek service of
process. Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 49-50 (Tex. App.--San Antonio 1999,
pet. denied); Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997,
no writ).

 Yarrow first contends that Carmel failed to meet its burden of establishing its
entitlement to summary judgment because the date of the accident and the actual date of service do
not appear in Carmel's summary judgment proof. To be sure, the movant must establish his
entitlement to a summary judgment on the issues expressly presented to the trial court by
conclusively proving all essential elements of his cause of action or defense as a matter of law. 
Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). The parties do not dispute that Yarrow's
personal injury claims accrued on August 9, 1996. When the motion for summary judgment is
based on the non-movant's pleadings, as here, we may assume the facts in the petition are true. 
See Judwin Props., Inc. v. Griggs & Harrison, 911 S.W.2d 498, 504 (Tex. App.--Houston [1st
Dist.] 1995, no writ). The proper scope for a trial court's review of evidence for a summary
judgment encompasses all evidence on file at the time of the hearing or filed after the hearing and
before judgment with permission of the court. Tex. R. Civ. P. 166a(c); Gandara v. Novasad, 752
S.W.2d 740, 743 (Tex. App.--Corpus Christi 1988, no writ). Thus, in order to recover for such
claims, Yarrow was required to "bring suit" no later than August 9, 1998. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003 (West 1986 & Supp. 2001) (tort action must be brought within two
years of time tort was committed). According to an exhibit attached to Carmel's motion for
summary judgment, citation was issued on May 17, 1999, more than two years after the date of
the accident.(1) In the absence of due diligence, Carmel has demonstrated its entitlement to a
summary judgment.

 In this case, the undisputed summary judgment evidence shows that Yarrow did
nothing to attempt service on Carmel until September 1999, more than a year after the petition was
filed. That no attempt was made to effect service during this period is substantiated by Yarrow's
own response to Carmel's motion. The affidavit Yarrow's attorney prepared in response to the
motion for summary judgment acknowledges that no effort was made to serve Carmel until
September 1999. In support of her argument that she had demonstrated due diligence, her attorney
averred only that he had made a "conscious decision" not to file or serve the citation because of
ongoing settlement negotiations between the parties. Here, while there was ample activity, it was
not designed to accomplish service of process.

 Having made Carmel a party when she filed the lawsuit, it was incumbent upon
Yarrow to diligently attempt to serve the company to prevent her claims from being barred by the
statute of limitations. Although a plaintiff may have good reasons for not wanting to seek
immediate service on a defendant, those reasons do not negate the requirement that diligence be
used in attempting service once the limitations period has passed. If the limitations period has
passed, a plaintiff must use due diligence to procure service regardless of any reasons she may
have not to do so. To hold otherwise would ignore the purpose of statutes of limitations and
undermine the long established requirement of due diligence. We overrule Yarrow's first point
of error. 


Equitable Estoppel


 As her second point of error, Yarrow contends that summary judgment is improper
because Carmel is foreclosed by equitable estoppel from asserting a limitations defense. Assuming
she has preserved this error for appeal, we do not believe that Yarrow is entitled to invoke
equitable principles. Specifically, she urges that her attorney and Carmel's insurance adjuster
orally agreed to delay service of citation pending the conclusion of settlement negotiations. By
affidavit, Yarrow's attorney averred that, based on his negotiations with The Hartford, Carmel's
insurance company, he made a "conscious decision . . . to not pursue this claim as pure litigation,
i.e., there was no need to file a petition immediately, serve citation on the insured." He further
testified:


This settlement track (rather than litigation track) resulted in correspondence
between the parties affirming this agreement to not pursue expeditious filing of the
petition, nor the expeditious serving of citation on Defendant Carmel Companies,
Inc. Instead, as shown by the correspondence and telephone records below, both
The Hartford and I agreed to postpone the litigation issues and seek settlement
instead. [The insurance adjuster] agreed with the strategy and continued to
communicate with me, both in writing and by telephone, pursuing this course of
action.



Yarrow contends that this pre-litigation agreement to postpone service precludes Carmel from
relying on a limitations defense.

 Texas Civil Procedure Rule 11 provides that "no agreement between attorneys or
parties touching any suit pending will be enforced unless it be in writing, signed, and filed with
the papers as part of the record, or unless it be made in open court and entered of record." Tex.
R. Civ. P. 11; see Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995); Kennedy v. Hyde, 682
S.W.2d 525, 529 (Tex. 1984). Unless the specific requirements of Rule 11 are met, no
agreements between counsel or parties are enforceable. London Mkt. Cos. v. Schattman, 811
S.W.2d 550, 552 (Tex. 1991) (orig. proceeding). Any agreement between the parties to delay
service must meet the requirements of Rule 11. Allen v. City of Midlothian, 927 S.W.2d 316, 320
(Tex. App.--Waco 1996, no writ) (absent fraud, bad faith or an express agreement to toll statute
of limitations, settlement negotiations do not constitute waiver of defendant's right to assert statute
of limitations). Although Yarrow argues that Rule 11 does not apply to pre-litigation agreements,
she has failed to demonstrate that an agreement existed prior to August 9, 1998, the date of the
filing of the lawsuit.

 Relying on Castro v. Harris County, 663 S.W.2d 502 (Tex. App.--Houston [1st
Dist.] 1983, writ dism'd), Yarrow argues that the doctrine of equitable estoppel should be invoked
in instances where the defendant has notice of the claim and was not deprived of an opportunity
to investigate or defend the case. In that case, the plaintiff sued and served citation on Harris
County instead of the proper defendant, the Harris County Flood Control District. The Harris
County Attorney answered the lawsuit in the name of Harris County, but three months after the
limitations had run, the county attorney filed a plea in bar claiming the wrong party was sued. 
The plaintiff properly amended his complaint to name the District, who then asserted the statute
of limitations as a defense. Relying on equitable principles, the court of appeals held that the suit
was not barred by the statute of limitations. Castro is readily distinguishable from this case. In
Castro, the plaintiff filed suit and promptly served citation, but did so on the wrong party. Here,
Yarrow made a "conscious decision" not to serve within the limitations period.

 Moreover, the undisputed facts do not support the application of equitable estoppel
here. Although there were intermittent negotiations between the parties, on August 7, 1998, the
insurance adjuster transmitted a facsimile to Yarrow's attorney, advising him that the "statute runs"
in two days, on August 9, 1998. A handwritten notation further states, "[S]ince no medical info
rec'd I assume you're not interested in trying to settle this case? Please advise." The record
reflects that the petition was filed on that same day. In a letter dated May 24, 1999, a week after
citation was issued, Yarrow's attorney enclosed copies of the lawsuit and medical records and
stated, "Please note that we have arranged for service on this matter but will agree to a Rule 11
Stipulation to extend your time to answer if we can engage in constructive settlement negotiations." 
The adjuster responded by letter dated June 10, 1999, acknowledging receipt of a settlement
demand and requesting additional medical records. Because the adjuster agreed to "evaluate the
claim and respond accordingly," Yarrow's attorney concluded in his affidavit that the letter
"confirmed our agreement to postpone service of citation and instead pursue the settlement route." 
The evidence does not support the existence of an agreement to postpone service, but instead
confirms only an intent to continue settlement negotiations.

 Yarrow's own summary judgment proof demonstrates that the parties had not
entered into a Rule 11 agreement as of May 24, 1999. That the parties continued to negotiate does
not demonstrate a legally cognizable excuse for delay in procuring service of citation. The
undisputed facts demonstrate that no effort was made to effect service during the year after the
expiration of the statute of limitations. Summary judgment for Carmel based upon a limitations
bar was proper.


CONCLUSION


 Having concluded that Yarrow did not use due diligence in attempting to procure
service of citation on Carmel and that Carmel met its burden to establish that it was entitled to
summary judgment as a matter of law, we overrule Yarrow's two points of error and affirm the
trial court's summary judgment in favor of Carmel.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: January 19, 2001

Do Not Publish


1. Yarrow did not object to Carmel's summary judgment proof. 


d with
the papers as part of the record, or unless it be made in open court and entered of record." Tex.
R. Civ. P. 11; see Padilla v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995); Kennedy v. Hyde, 682
S.W.2d 525, 529 (Tex. 1984). Unless the specific requirements of Rule 11 are met, no
agreements between counsel or parties are enforceable. London Mkt. Cos. v. Schattman, 811
S.W.2d 550, 552 (Tex. 1991) (orig. proceeding). Any agreement between the parties to delay
service must meet the requirements of Rule 11. Allen v. City of Midlothian, 927 S.W.2d 316, 320
(Tex. App.--Waco 1996, no writ) (absent fraud, bad faith or an express agreement to toll statute
of limitations, settlement negotiations do not constitute waiver of defendant's right to assert statute
of limitations). Although Yarrow argues that Rule 11 does not apply to pre-litigation agreements,
she has failed to demonstrate that an agreement existed prior to August 9, 1998, the date of the
filing of the lawsuit.

 Relying on Castro v. Harris County, 663 S.W.2d 502 (Tex. App.--Houston [1st
Dist.] 1983, writ dism'd), Yarrow argues that the doctrine of equitable estoppel should be invoked
in instances where the defen