# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00321-CV

### Caldwell County Sheriff's Office, Appellant

### v.

### Barbara Crider, Jacqueline Jackson, and Joshua Verdecanna, Appellees

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
### NO. 02-0-078, HONORABLE ROBERT ESCHENBURG II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Caldwell County seeks to reverse the trial court's order denying its plea to the jurisdiction in the whistleblower suit brought by appellees Barbara Crider, Jacqueline Jackson, and Joshua Verdecanna. *See* Tex. Gov't Code Ann. §§ 554.001-.010 (West 1994 & Supp. 2003). We will affirm the trial court's order.

## Factual and Procedural Background

Appellees worked for the Caldwell County Sheriff's Department. Crider and Jackson observed their shift supervisor placing a prisoner's name on a signature line labeled "Defendant" on an indictment form. Crider and Jackson became concerned that these actions could constitute tampering with a government record, fraud, or forgery. Crider and Jackson reported these actions to their immediate supervisor, Verdecanna, who shared their concerns. Verdecanna contacted the

Caldwell County District Attorney's Office. After a discussion with an assistant district attorney, appellees were convinced that the law had been broken. Verdencanna then instructed Crider and Jackson to submit a written report to the sheriff under a standing office policy requiring that any illegal activity be documented with a written report. Concerned that no action was being taken after the report was filed, Verdecanna spoke with Captain Keith Jeffrey on August 22, 2001 about the status of any investigation. On August 24, 2001, all three appellees were terminated.

On November 19, 2001, appellees filed their original petition alleging a whistleblower cause of action. Caldwell County filed a plea to the jurisdiction, which was denied. Caldwell County brings an interlocutory appeal of that denial. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2003). In two issues on appeal, Caldwell County contends that the trial court erred in denying the plea to the jurisdiction because appellees intentionally avoided notice to the county, thereby failing to exhaust available grievance or appeal procedures implicated in section 89.004, Local Government Code, and because appellees failed to invoke the court's jurisdiction over a proper party within the ninety-day limitation period of the Whistleblower Act.

**Discussion**

*Plea to the Jurisdiction*

We review the district court's ruling on the plea to the jurisdiction *de novo*. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). A plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We take as true the facts pleaded in the petition, and construe those allegations in favor of pleader. *Id*. at 446. To successfully challenge jurisdiction, the

2

defendant must establish either that the plaintiff's pleadings, taken as true, affirmatively establish that the trial court lacks subject matter jurisdiction or that the plaintiff pled fraudulently or in bad faith with the purpose of conferring jurisdiction. *See Curbo v. State*, 998 S.W.2d 337, 342 (Tex. App.—Austin 1999, no pet.).[1]

*Notice*

In its first issue, appellant complains that appellees failed either to exhaust available remedies through the grievance procedure as required by the Whistleblower Act or use the appeal procedures implicated in section 89.004 of the Texas Local Government Code.[2]

In *Curbo*, we held that if it is unclear whether a grievance procedure applies to a terminated employee's claim under the Whistleblower Act, the employee does not have to comply with the Whistleblower Act's requirement of exhausting that procedure. *Id*. at 341. Appellant

---

[1]   Appellant does not challenge aspects of the pleadings other than failure to exhaust remedies or otherwise give proper notice. We have reviewed the pleadings and appellees pled the necessary elements of a whistleblower claim. *See, e.g.*, *City of San Antonio v. Heim*, 932 S.W.2d 287, 290 (Tex. App.—Austin 1996, writ denied).

[2]   In its statement of this issue, and in several other places, appellant contends that appellees deliberately or intentionally avoiding giving notice to the county. However, as appellant notes, under *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000), a court deciding a plea to the jurisdiction may consider evidence necessary to resolve jurisdictional questions. We note that no evidence was introduced at the hearing on the plea to the jurisdiction to show that appellees intentionally or deliberately circumvented giving notice. Appellant relies on affidavits that it says clearly show that each individual was aware of grievance procedures. However, these affidavits serve to authenticate the copies of Caldwell County's grievance procedure, put before the court to demonstrate its *lack* of applicability to appellees.

3

Caldwell County's brief states, "As in the *Curbo* case, the Caldwell County Sheriff's Office had in place internal grievance procedures that did not clearly apply to a terminated employee." We have reviewed the grievance procedure made part of the record. It refers several times to "regular employees." For example, the policy says that it applies to regular employees who have been employed more than ninety days. A reasonable inference from that "regular employee" language is that the policy applies to employees performing normal duties; it does not refer expressly to former employees or termination actions. It is not clear that the policy applies to terminated employees. Therefore, under *Curbo*, appellees were not required to invoke this procedure. *Id.*

In *Gregg County v. Farrar*, 933 S.W.2d 769, 772 (Tex. App.—Austin 1996, writ denied), this court held that the general presentment statute did not apply to whistleblower actions.[3] Based on *Farrar*, Caldwell County asserts that the presentment statute also functions to provide an appeal process to the county commissioners' court. However in *Farrar*, the appeal process discussed was that provided in the whistleblower act that requires exhaustion of grievance or appeal procedures. *Farrar*, 933 S.W.2d at 774-75. The grievance procedure at issue in *Farrar* provided for an appeal to the county commissioners' court. *Id.* at 774. After receiving an adverse decision from the grievance process, Farrar was advised of his right to appeal, but did not. *Id.* In this case, while Caldwell County's written grievance procedure provides for an appeal to the county commissioners' court, because that process does not apply to appellees, they have no decision to appeal.

---

[3] Tex. Loc. Gov't Code Ann. § 89.004 (West Supp. 2003) (renumbered without change in language from Loc. Gov't Code § 81.041, Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(b), 1999 Tex. Gen. Laws 340).

Further, the presentment statute is not jurisdictional; it is an issue of notice. *Essenburg v. Dallas County*, 988 S.W.2d 188, 188-89 (Tex. 1998); *Frasier v. Yanes*, 9 S.W.3d 422, 428 (Tex. App.—Austin 1999, no pet.). It is not appropriate to raise this issue in a plea to the jurisdiction. *Id*. at 428. The proper remedy for failure to comply with the presentment statute is not dismissal but abatement. *Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002); *see Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 373-74 (Tex. App.—Corpus Christi 1999, no pet.).

Caldwell County's fundamental complaint is that the interaction of *Curbo* and *Farrar* creates a situation that completely deprives the county of notice prior to suit, contrary to underlying policies guaranteeing notice and an opportunity to cure a problem before litigation ensues. *See Essenburg*, 988 S.W.2d at 189 (presentment statute intended to advise commissioners' court of claim and afford it opportunity to investigate and adjust without litigation); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991) (exhaustion requirement encourages voluntary resolution and processes other than litigation). Appellant argues that this Court needs to cure the dilemma created by *Curbo* and *Farrar*. Appellees respond that appellant could have avoided any notice problems by simply making clear that the grievance procedure applied to terminated employees.

We decline to modify either *Curbo* or *Farrar* to address this unique situation. Caldwell County simply has failed to enact a grievance procedure that would require a potential plaintiff to invoke the exhaustion requirements of the Whistleblower Act. We overrule appellant's first issue.

*Statute of Limitations*

Plaintiffs' original petition was filed November 19, 2001, within the ninety-day period for filing suit. *See* Tex. Gov't Code Ann. § 554.005 (West 1994). Plaintiffs' petition named the "Caldwell County Sheriff's Office" as the defendant. Service of citation was had on Caldwell County Judge H.T. Wright, agent for service for Caldwell County. Plaintiffs filed their first amended petition naming "Caldwell County" as the defendant on December 31, 2001.

In its first issue, appellant contends that by suing the "Caldwell County Sheriff's Office," appellees failed to sue a proper party within ninety days because the "Caldwell County Sheriff's Office" is not a separate unit of local government amenable to suit. Therefore, it argues, the statute of limitations had run by the time plaintiffs sued the correct entity, "Caldwell County." Appellees respond that its petition naming the "Caldwell County Sheriff's Office" tolled the statute of limitations as to "Caldwell County."

In general, when the wrong defendant is sued and the proper defendant not named until after limitations has expired, suit against the proper defendant will not be barred as long as the record reflects a special relationship exists between the defendants such that the proper defendant was aware of the facts, not misled, and not disadvantaged in preparing a defense. *See Enserch v. Parker*, 794 S.W.2d 2, 6 (Tex. 1990); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *see also Castro v. Harris County*, 663 S.W.2d 502, 504-05 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd). In *Castro*, plaintiffs sued "Harris County" rather than the "Harris County Flood Control District," the correct entity. Plaintiffs served the Harris County Judge. *Id*. at 503-04. The Harris County Flood Control District and Harris County were both represented by the county attorney's office. *Id*. at 505. The Court held that the action was not

6

barred by limitations, because the evidence showed the proper defendant's receipt of actual notice of the claim within the limitations period. *Id*. at 505. The court found that plaintiff's suit against "Harris County" tolled the statute of limitations as the "Harris County Flood Control District." *Id*. at 506.

In this case, appellees named the "Caldwell County Sheriff's Office" as defendant. The petition states that the *sheriff's office is a department of Caldwell County* and service may be had on it by serving the County Judge, who was properly served. The County Judge is the agent for service for Caldwell County. Caldwell County had timely actual notice of the suit and was not misled or placed at a disadvantage to defend it. Accordingly, appellees amended petition relates back to the original petition for purposes of calculating the statute of limitations and was timely. *See Castro*, 663 S.W.2d at 506. We overrule appellant's second issue.

### Conclusion

We have overruled appellant's two issues and affirm the trial court's order.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: June 12, 2003