TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00321-CV






Caldwell County Sheriff's Office, Appellant



v.



Barbara Crider, Jacqueline Jackson, and Joshua Verdecanna, Appellees






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 02-0-078, HONORABLE ROBERT ESCHENBURG II, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N



 Appellant Caldwell County seeks to reverse the trial court's order denying its plea
to the jurisdiction in the whistleblower suit brought by appellees Barbara Crider, Jacqueline Jackson,
and Joshua Verdecanna. See Tex. Gov't Code Ann. §§ 554.001-.010 (West 1994 & Supp. 2003). 
We will affirm the trial court's order.


Factual and Procedural Background



 Appellees worked for the Caldwell County Sheriff's Department. Crider and Jackson 

observed their shift supervisor placing a prisoner's name on a signature line labeled "Defendant" on
an indictment form. Crider and Jackson became concerned that these actions could constitute
tampering with a government record, fraud, or forgery. Crider and Jackson reported these actions
to their immediate supervisor, Verdecanna, who shared their concerns. Verdecanna contacted the
Caldwell County District Attorney's Office. After a discussion with an assistant district attorney,
appellees were convinced that the law had been broken. Verdencanna then instructed Crider and
Jackson to submit a written report to the sheriff under a standing office policy requiring that any
illegal activity be documented with a written report. Concerned that no action was being taken after
the report was filed, Verdecanna spoke with Captain Keith Jeffrey on August 22, 2001 about the
status of any investigation. On August 24, 2001, all three appellees were terminated.

 On November 19, 2001, appellees filed their original petition alleging a whistleblower
cause of action. Caldwell County filed a plea to the jurisdiction, which was denied. Caldwell
County brings an interlocutory appeal of that denial. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (West Supp. 2003). In two issues on appeal, Caldwell County contends that the trial
court erred in denying the plea to the jurisdiction because appellees intentionally avoided notice to
the county, thereby failing to exhaust available grievance or appeal procedures implicated in section
89.004, Local Government Code, and because appellees failed to invoke the court's jurisdiction over
a proper party within the ninety-day limitation period of the Whistleblower Act.


Discussion



Plea to the Jurisdiction


 We review the district court's ruling on the plea to the jurisdiction de novo. See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). A plaintiff must allege facts that
affirmatively demonstrate the court's jurisdiction to hear the cause. Texas Ass'n of Bus. v. Texas Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We take as true the facts pleaded in the petition, and
construe those allegations in favor of pleader. Id. at 446. To successfully challenge jurisdiction, the
defendant must establish either that the plaintiff's pleadings, taken as true, affirmatively establish
that the trial court lacks subject matter jurisdiction or that the plaintiff pled fraudulently or in bad
faith with the purpose of conferring jurisdiction. See Curbo v. State, 998 S.W.2d 337, 342 (Tex.
App.--Austin 1999, no pet.). (1)


Notice


 In its first issue, appellant complains that appellees failed either to exhaust available
remedies through the grievance procedure as required by the Whistleblower Act or use the appeal
procedures implicated in section 89.004 of the Texas Local Government Code. (2)

 In Curbo, we held that if it is unclear whether a grievance procedure applies to a
terminated employee's claim under the Whistleblower Act, the employee does not have to comply
with the Whistleblower Act's requirement of exhausting that procedure. Id. at 341. Appellant
Caldwell County's brief states, "As in the Curbo case, the Caldwell County Sheriff's Office had in
place internal grievance procedures that did not clearly apply to a terminated employee." We have
reviewed the grievance procedure made part of the record. It refers several times to "regular
employees." For example, the policy says that it applies to regular employees who have been
employed more than ninety days. A reasonable inference from that "regular employee" language is
that the policy applies to employees performing normal duties; it does not refer expressly to former
employees or termination actions. It is not clear that the policy applies to terminated employees. 
Therefore, under Curbo, appellees were not required to invoke this procedure. Id.

 In Gregg County v. Farrar, 933 S.W.2d 769, 772 (Tex. App.--Austin 1996, writ
denied), this court held that the general presentment statute did not apply to whistleblower actions. (3) 
Based on Farrar, Caldwell County asserts that the presentment statute also functions to provide an
appeal process to the county commissioners' court. However in Farrar, the appeal process discussed
was that provided in the whistleblower act that requires exhaustion of grievance or appeal
procedures. Farrar, 933 S.W.2d at 774-75. The grievance procedure at issue in Farrar provided
for an appeal to the county commissioners' court. Id. at 774. After receiving an adverse decision
from the grievance process, Farrar was advised of his right to appeal, but did not. Id. In this case,
while Caldwell County's written grievance procedure provides for an appeal to the county
commissioners' court, because that process does not apply to appellees, they have no decision to
appeal.

 Further, the presentment statute is not jurisdictional; it is an issue of notice. 
Essenburg v. Dallas County, 988 S.W.2d 188, 188-89 (Tex. 1998); Frasier v. Yanes, 9 S.W.3d 422,
428 (Tex. App.--Austin 1999, no pet.). It is not appropriate to raise this issue in a plea to the
jurisdiction. Id. at 428. The proper remedy for failure to comply with the presentment statute is not
dismissal but abatement. Lubbock County v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 584
(Tex. 2002); see Garcia-Marroquin v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 373-74 (Tex.
App.--Corpus Christi 1999, no pet.).

 Caldwell County's fundamental complaint is that the interaction of Curbo and Farrar
creates a situation that completely deprives the county of notice prior to suit, contrary to underlying
policies guaranteeing notice and an opportunity to cure a problem before litigation ensues. See
Essenburg, 988 S.W.2d at 189 (presentment statute intended to advise commissioners' court of claim
and afford it opportunity to investigate and adjust without litigation); Schroeder v.Texas Iron Works,
Inc., 813 S.W.2d 483, 486 (Tex. 1991) (exhaustion requirement encourages voluntary resolution and
processes other than litigation). Appellant argues that this Court needs to cure the dilemma created
by Curbo and Farrar. Appellees respond that appellant could have avoided any notice problems by
simply making clear that the grievance procedure applied to terminated employees.

 We decline to modify either Curbo or Farrar to address this unique situation. 
Caldwell County simply has failed to enact a grievance procedure that would require a potential
plaintiff to invoke the exhaustion requirements of the Whistleblower Act. We overrule appellant's
first issue.

Statute of Limitations

 Plaintiffs' original petition was filed November 19, 2001, within the ninety-day
period for filing suit. See Tex. Gov't Code Ann. § 554.005 (West 1994). Plaintiffs' petition named
the "Caldwell County Sheriff's Office" as the defendant. Service of citation was had on Caldwell
County Judge H.T. Wright, agent for service for Caldwell County. Plaintiffs filed their first amended
petition naming "Caldwell County" as the defendant on December 31, 2001.

 In its first issue, appellant contends that by suing the "Caldwell County Sheriff's
Office," appellees failed to sue a proper party within ninety days because the "Caldwell County
Sheriff's Office" is not a separate unit of local government amenable to suit. Therefore, it argues,
the statute of limitations had run by the time plaintiffs sued the correct entity, "Caldwell County." 
Appellees respond that its petition naming the "Caldwell County Sheriff's Office" tolled the statute
of limitations as to "Caldwell County."

 In general, when the wrong defendant is sued and the proper defendant not named
until after limitations has expired, suit against the proper defendant will not be barred as long as the
record reflects a special relationship exists between the defendants such that the proper defendant
was aware of the facts, not misled, and not disadvantaged in preparing a defense. See Enserch v.
Parker, 794 S.W.2d 2, 6 (Tex. 1990); Palmer v. Enserch Corp., 728 S.W.2d 431, 434 (Tex.
App.--Austin 1987, writ ref'd n.r.e.); see also Castro v. Harris County, 663 S.W.2d 502, 504-05
(Tex. App.--Houston [1st Dist.] 1983, writ dism'd). In Castro, plaintiffs sued "Harris County"
rather than the "Harris County Flood Control District," the correct entity. Plaintiffs served the Harris
County Judge. Id. at 503-04. The Harris County Flood Control District and Harris County were
both represented by the county attorney's office. Id. at 505. The Court held that the action was not
barred by limitations, because the evidence showed the proper defendant's receipt of actual notice
of the claim within the limitations period. Id. at 505. The court found that plaintiff's suit against
"Harris County" tolled the statute of limitations as the "Harris County Flood Control District." Id.
at 506.

 In this case, appellees named the "Caldwell County Sheriff's Office" as defendant. 
The petition states that the sheriff's office is a department of Caldwell County and service may be
had on it by serving the County Judge, who was properly served. The County Judge is the agent for
service for Caldwell County. Caldwell County had timely actual notice of the suit and was not
misled or placed at a disadvantage to defend it. Accordingly, appellees amended petition relates
back to the original petition for purposes of calculating the statute of limitations and was timely. See
Castro, 663 S.W.2d at 506. We overrule appellant's second issue.


Conclusion



 We have overruled appellant's two issues and affirm the trial court's order.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: June 12, 2003
1. Appellant does not challenge aspects of the pleadings other than failure to exhaust remedies
or otherwise give proper notice. We have reviewed the pleadings and appellees pled the necessary
elements of a whistleblower claim. See, e.g., City of San Antonio v. Heim, 932 S.W.2d 287, 290
(Tex. App.--Austin 1996, writ denied).
2. In its statement of this issue, and in several other places, appellant contends that appellees
deliberately or intentionally avoiding giving notice to the county. However, as appellant notes, under
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554-55 (Tex. 2000), a court deciding a plea to the
jurisdiction may consider evidence necessary to resolve jurisdictional questions. We note that no
evidence was introduced at the hearing on the plea to the jurisdiction to show that appellees
intentionally or deliberately circumvented giving notice. Appellant relies on affidavits that it says
clearly show that each individual was aware of grievance procedures. However, these affidavits
serve to authenticate the copies of Caldwell County's grievance procedure, put before the court to
demonstrate its lack of applicability to appellees. 
3. Tex. Loc. Gov't Code Ann. § 89.004 (West Supp. 2003) (renumbered without change in
language from Loc. Gov't Code § 81.041, Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(b),
1999 Tex. Gen. Laws 340).