CITY OF HOUSTON, Petitioner,

v.

William Leo BLACK, Respondent.

No. B–7315.

Supreme Court of Texas.

March 22, 1978.

Robert M. Collie, Jr., City Atty., Frank L. Mauro, Asst. City Atty., Houston, for petitioner.

Harvill & Hardy, G. P. Hardy, III and John Milutin, Houston, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is an action brought by William Leo Black against the City of Houston for damages sustained when a Houston water department truck ran into the rear of Black's vehicle while he was stopped at a stop sign. He sustained personal injuries and his car was destroyed. The trial court rendered judgment for Black on a jury verdict, but the court of civil appeals reversed the judgment because Black had failed to give timely and proper notice to the city as the city charter required. 558 S.W.2d 929.

It is our opinion that the decision of the court of civil appeals conflicts with this court's opinion in *Roberts v. Haltom City,* 543 S.W.2d 75 (Tex.1976). The jury findings which estop the city from insisting upon the notice requirements are stated in the opinion of the court of civil appeals. The special issues concerning estoppel were submitted without any objection except that there was no predicate for their submission, which the trial court correctly overruled. The findings excused Black's literal compliance with the charter provisions concerning notice of the injury. Even if the series of jury issues culminating in a finding that the city attorney's conduct *caused* Mr. Black not to verify his written claim were not tantamount to finding reliance, we would have to deem that the trial court found the reliance issue in Black's favor. Tex.R.Civ.P. 279; *Transport Insur-*

ance *Co. v. Mabra,* 487 S.W.2d 704 (Tex. 1972); 3 McDonald, Texas Civil Practice § 12.36.4 (1970). We accordingly grant Black's writ of error and without hearing argument, reverse the judgment of the court of civil appeals and affirm the judgment of the trial court. Tex.R.Civ.P. 483.