The CITY OF HOUSTON, Appellant,

v.

Gerardo G. TORRES, Appellee.

No. 17599.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 4, 1980.

Rehearing Denied Oct. 16, 1980.

Robert M. Collie, Jr., R. Burt Ballanfant, Houston, for appellant.

Harvill & Hardy, Gail Johns, Houston, for appellee.

Before PEDEN, EVANS and WALLACE, JJ.

EVANS, Justice.

This personal injury suit was brought by the plaintiff, a postal carrier, to recover damages for an injury sustained while walking his mail route. The plaintiff alleged that he was injured when he walked across the street and stepped into an uncovered City of Houston water meter hole. The City of Houston brings this appeal from a judgment entered in favor of the plaintiff on the jury's verdict.

In a single point of error the City contends the trial court erred in refusing to enter judgment in its favor because the evidence established, as a matter of law, that the plaintiff failed to comply with the notice of claim provision in its charter. Art. IX, Sec. 11, City of Houston Charter. This provision states:

"Section 11. Notice of Claim for Damages.

Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or someone in his behalf, shall give the mayor and city council notice in writing of such injury or destruction, duly verified, within ninety (90) days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injury or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the mayor and city council within the time and in the manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal Section 12 of Article IX of this Charter."

It has been held that compliance with this provision is mandatory and that the failure of a claimant to give the required notice may be asserted in bar of an action against the city for injury to person or property. *City of Houston v. Hruska*, 155 Tex. 139, 283 S.W.2d 739 (1955); *City of Houston v. Deshotel*, 585 S.W.2d 846 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). It is undisputed that the plaintiff in the case at bar did not file the required notice until after the expiration of the 90 day period specified, and the only question for this court's review is whether the record reflects legal justification for the claimant's failure to strictly comply with the notice of claim provision.

The jury found that during the 90 day period following the date of the occurrence the plaintiff believed his injury to be trivial and that this constituted good cause for his delay in giving the required notice. The jury also found that there had been no substantial change in the condition of the water meter hole between the date of the occurrence and the time notice was given to the City. It further found that the City's rights were not prejudiced by the delay in giving such notice. The City does not make any evidentiary challenge to these findings, and it is, therefore, unnecessary to more specifically discuss the facts of the case.

The City contends that the plaintiff's failure to strictly comply with the notice of claim provision bars his action against the

City even though the plaintiff may have had "no suspicion of knowledge of the injuries ... until after the time for giving notice had expired." It is the City's position that since issues of waiver or estoppel were not raised by the evidence, only some legal, physical or mental incapacity could excuse the claimant from strict compliance with the notice of claim provision.

■ The City concedes that the maintenance of its municipal water supply system is a proprietary function, and it necessarily follows that the City does not enjoy common law immunity with respect to the maintenance of the water meter hole in question. *Moody v. City of Galveston*, 524 S.W.2d 583 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref. n. r. e.). The City is therefore subject to the same rules of tort liability as any private corporation or individual. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Moody v. City of Galveston, supra.* Under such circumstances the charter provision making the notice of claim a condition precedent to a tort action against the City is in derogation of the common law, and the provision is to be liberally construed in favor of the plaintiff and strictly construed against the municipality. *Ostrewich v. City of Houston*, 419 S.W.2d 247, 250 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ). *Glasgow v. St. Joseph*, 353 Mo. 740, 184 S.W.2d 412 (1944); Antieau, Municipal Corporation Law, Vol. 1 A § 11.186 (Cum.Supp. 1980).

The notice of claim provision requires a claimant to state, under oath, not only "when, where and how" the injury occurred, but also "the apparent extent thereof, the amount of damage sustained, (and) the amount for which the claimant will settle..." The plain language of this provision contemplates that the person filing the notice has some claim of damage for which he seeks to hold the City liable.

In the case at bar the jury found, in effect, that during the ninety day period specified in the notice of claim provision the plaintiff did not have reason to believe his injury to be other than trivial. The word "trivial" has been generally defined as something "trifling; inconsiderable; of small worth or importance." Black's Law Dictionary 3rd Edition. The jury's findings establish, in effect, that during the specified 90 day period the plaintiff had no reason to believe he would have any claim for damages against the City.

■ Under analogous circumstances it has been held that an insured party may be excused from the timely filing of a notice of accident where there is reasonable basis for a belief that the injury was trivial and would not result in claim or liability, even though the injury subsequently proved to be serious. *Texas Glass and Paint Company v. Fidelity and Deposit Company*, 244 S.W. 113 (Tex.1922); *Melcher v. Ocean Accident and Guaranty Corp.*, 226 N.Y. 51, 123 N.E. 81 (1919). The question of whether a reasonable basis exists for such a belief is ordinarily a question for the trier of fact. *Norman v. St. Paul Fire and Marine Ins. Co.*, 431 S.W.2d 391, 394 (Tex.Civ.App.—Beaumont 1968, err. dism'd).

■ In cases such as the one at bar, where the right to sue a municipality for actionable negligence is a common law right, as distinguished from a right created by statute, a notice of claim provision will be held constitutional only where the claimant is deemed capable of giving the required notice. *City of Waxahachie v. Harvey*, 255 S.W.2d 549 (Tex.Civ.App.—Waco 1953, writ ref'd n. r. e.). *City of Tyler v. Ingram*, 157 S.W.2d 184, 189 (Tex.Civ.App. —Texarkana 1941, revd. on other grounds 139 Tex. 600, 164 S.W.2d 516).

Under the facts as found by the jury, an arbitrary application of the notice of claim provision would deprive the plaintiff of his common law right against the City solely because he did not take action which, under the jury's findings, he had no reasonable basis for taking under the circumstances then existing. Such an application would be unreasonable and discriminatory and would render the charter provision unconstitutional. *City of Waxahachie v. Harvey, supra.* However, since the notice of claim

provision need not be applied in the instant case so as to bar the prosecution of the plaintiff's claim against the City, it is not necessary that the provision be declared unconstitutional. *City of Waco v. Landingham,* 138 Tex. 156, 157 S.W.2d 631 (1941); *McCrary v. City of Odessa,* 482 S.W.2d 151 (Tex.1972); *City of Waxahachie v. Harvey,* supra.

█ Based upon the jury's unchallenged findings of fact, this court must consider that the plaintiff had no reasonable basis for believing that he had a claim for damages against the city during the period of time specified in the notice of claim provision and that the City was not prejudiced by the delay in filing the required notice. Under such circumstances the trial court did not err in determining that the plaintiff's failure to strictly comply with the notice of claim provision did not, as a matter of law, bar his cause of action against the City.

The trial court's judgment is affirmed.

PEDEN, Justice, dissenting.

I respectfully dissent.

There are few exceptions to the Texas rule that compliance with notice of claim provisions in the charters of home rule cities is mandatory and that timely filing of a written notice of claim is a condition precedent to maintenance of a suit against a city for injuries. Some exceptions are:

Estoppel—*Roberts v. Haltom City,* 543 S.W.2d 75 (Tex.1976).

Claimant is under disability of minority—*McCrary v. City of Odessa,* 482 S.W.2d 151 (Tex.1972).

Claimant is so mentally or physically incapacitated that he cannot give proper notice—*Simpson v. City of Abilene,* 388 S.W.2d 760 (Tex.Civ.App. 1965, writ ref. n. r. e.); *City of Waxahachie v. Harvey,* 255 S.W.2d 549 (Tex.Civ.App. 1953, writ ref. n. r. e.).

A claimant's belief that his injury is trivial has not been recognized as an exception to the Texas requirement of strict compliance.

I would reverse and render.