## CITY OF HOUSTON, Petitioner,

### v.

### Gerardo G. TORRES, Respondent.

### No. B–9948.

Supreme Court of Texas.

Sept. 23, 1981.

Edward A. Cazares, City Atty., Roy F. Martin, III, Asst. City Atty., Houston, for petitioner.

Harvill & Hardy, John Milutin and Gail Johns, Houston, for respondent.

BARROW, Justice.

Gerardo G. Torres brought this action against the City of Houston to recover damages for personal injuries sustained when he stepped into an uncovered residential water meter receptacle. The trial court rendered judgment for Torres on the jury's verdict. The court of civil appeals affirmed. 610 S.W.2d 157.

The sole question presented here is whether Torres was excused from giving the City notice of injury in writing within ninety days after such injury was sustained as required by the City Charter.[1] Torres

---

1. Article IX, section 11 of the City Charter provides in pertinent part:

Before the City of Houston shall be liable for damages for personal injuries of any kind, or

urges he was excused from doing so because he believed the injury was trivial. We hold that he was not excused from giving the required notice. Since the evidence is undisputed that notice of the injury was not given to the City until over five months after the injury, we reverse the judgments of the lower courts and render judgment that Torres take nothing.

On May 11, 1974 Torres, a letter carrier for the postal service, was walking his route and delivering mail from house to house in southeast Houston when he stepped into a water meter hole covered with grass and weeds. Torres felt a sharp pain in his lower back and left leg at the time, but finished delivering the mail along his route. Upon return to the post office, Torres completed and filed a form styled "Federal Employee's Notice of Injury or Occupation Disease," stating that he had sustained an injury to his left leg and back upon stepping into a hole covered by high grass. On May 14, 1974, Torres went to his family doctor because of the pain and discomfort in his back. He testified that he was not "overly concerned" about the discomfort and pain in his back and continued to work. Around the middle of August of 1974, the pain in his back and leg had increased to the extent that he went to see another doctor. Torres was subsequently referred to an orthopedic surgeon who operated on Torres' back on October 3, 1974. It is undisputed that the first notice that the City had of the injury or the claim was upon receipt of a verified claim from Torres on October 29, 1974. This was the 171st day after the injury was sustained.

Houston is a home rule city existing under article XI, section 5 of the Texas Constitution and, as such, has full power of local self-government, subject to the limitation that its charter and ordinances shall contain nothing inconsistent with the Texas and United States Constitutions or with the general laws enacted by the Legislature. *Artco-Bell Corp. v. City of Temple*, 616

S.W.2d 190 (Tex.1981); *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex.1975).

■ Article 1175, section 6, Tex.Rev.Civ. Stat.Ann., authorizes home rule cities to "provide for the exemption for liability on account of any claim for any damages to any person or property, or to fix such rules and regulations governing the city's liability as may be advisable." Pursuant to this authorization, "notice of claim" requirements are found in most Texas city charters. Texas authorities have consistently recognized that compliance with such charter provisions is mandatory and that timely filing of a written notice of claim is a condition precedent to maintenance of a suit against a city for injuries. *See Artco-Bell Corp. v. City of Temple, supra; La-Bove v. City of Groves*, 608 S.W.2d 162 (Tex.1980); *Roberts v. Haltom City*, 543 S.W.2d 75 (Tex.1976); *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972); *City of Waco v. Landingham*, 138 Tex. 156, 157 S.W.2d 631 (1941); *Phillips v. City of Abilene*, 195 S.W.2d 147 (Tex.Civ.App.—Eastland 1946, writ ref'd).

■ The Legislature in enacting the Texas Tort Claims Act, article 6252–19, Tex. Rev.Civ.Stat.Ann., ratified and approved city charter provisions requiring notice of a claim for injury to person or property within a stated period. Section 16 of this Act provides in part:

> Provided, however, except where there is such actual notice, charter and ordinance provisions of cities requiring notice within a charter period permitted by law are hereby expressly ratified and approved.

There is no evidence or contention that the City had actual notice of the injury to Torres and, therefore, it is unnecessary to determine if the actual notice exception of section 16 applies to a proprietary tort. *See* Hughes, *"Notice of Claim" as a Condition Precedent to Suit: Is the Proprietary-Gov-*

---

for injuries to or destruction of property of any kind, the person injured, . . . some one in his behalf, shall give the mayor and city

council notice in writing of such injury or destruction duly verified, within 90 days after the same has been sustained, . . . .

*ernmental Distinction Important?*, 31 Baylor L.Rev. 427, 437–38 (1979).

The narrow question before us is whether Torres' belief that his injuries were trivial excused him from giving the notice required by the City Charter. There is no "good cause" provision in the City Charter. *Cf.* art. 8307, § 4a, Workers' Compensation Law, Tex.Rev.Civ.Stat.Ann. Nor have we found any case excusing noncompliance with a "notice of claim" provision for such reason.

■■■ Texas courts have engrafted several exceptions to the requirement that "notice of claim" be timely given. In *Roberts v. Haltom City, supra,* we held that a city may be estopped from asserting failure of compliance with notice of claim provisions. *See also City of Houston v. Black,* 571 S.W.2d 496 (Tex.1978). In *McCrary v. City of Odessa, supra,* we recognized that a party may be excused from giving notice because of physical or mental incapacity and held that McCrary was excused from compliance with the charter notice provision during the time he was under the disability of minority. *See also City of Waco v. Landingham, supra.* Additionally, as recognized in *Artco-Bell Corp. v. City of Temple, supra,* any conditions regarding a city notice of claim requirement must be reasonable.

■■■ These exceptions are not applicable here. Torres was an adult at the time of the injury and does not contend that he was prevented from giving the City notice of his claim because of any physical or mental disability. Furthermore, there is no allegation or evidence that the City is estopped from asserting Torres' failure to comply with the "notice of claim" provision of the City Charter, or that the provision is unreasonable.

As previously noted, no "good cause" exception is provided for in the City Charter, nor is any such limitation on the application of notice of claim requirements mandated under the Texas Tort Claims Act. Judicial recognition of such an exception would not comport with the principles underlying previously recognized exceptions but would instead serve to defeat the purpose of the notice.

■■ The purpose of the "notice of claim" requirement, as recognized by this Court, is to ensure a prompt reporting of claims to enable the municipality to investigate while facts are fresh and conditions remain substantially the same. Such opportunity to investigate, predicated upon timely reporting of claim of injury, enables the city to gather the information needed to guard against unfounded claims, settle claims and prepare for trial. *Artco-Bell Corp. v. City of Temple, supra; City of Waco v. Landingham,* 158 S.W.2d 79 (Tex.Civ.App.—Waco 1940, writ ref'd).

■■ Strict compliance with the filing of a claim within specified time limitations is excused when the party is not capable, such as a party laboring under physical, mental or legal incapacity. Likewise, a party is protected, under the doctrine of estoppel, when misled as to the necessity of filing requirements by the conduct of those associated with the city administration. The existence of a subjective determination by a claimant that notice of injury need not be given is contrary to the basis of such exceptions; that is, preservation of the party's right of recourse for injury when the party is incapable of strict compliance, or misled as to the need for such. In the absence of facts demonstrating such criteria, a rule depriving a city of the opportunity for timely investigation, location of witnesses, examination of the property, and correction of defective conditions is not warranted.

■■ To excuse compliance with a "notice of claim" provision because the claimant believed his injury was trivial would conflict with the established rule governing accrual of a cause of action for the purpose of application of statutes of limitation. A cause of action generally can be said to accrue when facts come into existence which authorize a claimant to seek a judicial remedy. In personal injury actions, this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury unless the "discovery

**592**

rule" applies. *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977). The "discovery rule" exception would not be applicable where the undisputed evidence establishes that the claimant knew at the time of the occurrence that he had been injured. Here Torres obviously knew of the injury in that he promptly filed a notice of injury form with his employer and saw his family doctor.

We conclude that Torres was not excused from complying with the mandatory notice provision of the City Charter. Therefore, Torres' failure to timely file the claim bars his right to recover from the City.

The judgments of the lower courts are reversed and judgment is here rendered that Torres take nothing from the City of Houston.

Dissenting opinion by RAY, J.

WALLACE, J., not sitting.

RAY, Justice, dissenting.

I respectfully dissent.

I would affirm the judgment of the court of civil appeals for the reasons stated in the opinion of that court. 610 S.W.2d 157.