ACCEPTED
04-15-00259-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/24/2015 10:14:34 PM
KEITH HOTTLE
CLERK

# NO. 04-15-00259-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/24/2015 10:14:34 PM
KEITH E. HOTTLE
Clerk

CITY OF SAN ANTONIO

APPELLANT

V.

ROXANA TENORIO, INDIVIDUALLY
AND ON BEHALF OF PEDRO TENORIO, DECEASED

APPELLEE

From the 73rd District Court of Bexar County, Texas
Trial Court No. 2014-CI-14704
Honorable Stephani Walsh, Judge Presiding

# BRIEF OF APPELLANT,
# CITY OF SAN ANTONIO

Dan Pozza
State Bar No. 16224800
Attorney at Law
239 East Commerce Street
San Antonio, Texas 78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

Martha G. Sepeda, Acting City Attorney
State Bar No. 13143100
Michael D. Siemer, Assistant City Attorney
State Bar No. 18343670
Office of the City Attorney
Litigation Division
111 Soledad Street, 10th Floor
San Antonio, Texas 78205
(210) 207-8784 – Phone
(210) 207-4357 – Fax
martha.sepeda@sanantonio.gov
michael.seimer@sanantonio.gov

ATTORNEYS FOR APPELLANT,
CITY OF SAN ANTONIO

# IDENTITY OF PARTIES AND COUNSEL

| **Appellant** | **Appellate Counsel** |
| --- | --- |
| City of San Antonio | Dan Pozza |
| | State Bar No. 16224800 |
| | Attorney at Law |
| | 239 East Commerce Street |
| | San Antonio, TX  78205 |
| | (210) 226-8888 – Phone |
| | (210) 224-6373 – Fax |
| | danpozza@yahoo.com |

**Appellate and Trial Counsel**

Martha G. Sepeda, Acting City Attorney
State Bar No. 13143100
Michael D. Siemer, Assistant City Attorney
State Bar No. 18343670
Office of the City Attorney
Litigation Division
111 Soledad Street, 10th Floor
San Antonio, TX  78205
(210) 207-8784 – Phone
(210) 207-4357 – Fax
martha.sepeda@sanantonio.gov
michael.seimer@sanantonio.gov

| **Appellee** | **Appellate and Trial Counsel** |
| --- | --- |
| Rosana Tenorio, Individually and on Behalf of Pedro Tenorio, Deceased | Joe Brad Brock |
| | State Bar No. 03040830 |
| | Law Office of Joe Brad Brock |
| | 5866 S. Staples, Suite 103 |
| | Corpus Christi, TX  78413 |
| | (361) 884-1086 – Phone |
| | (361) 884-8446 – Fax |
| | joebrad@thebrocklawfirm.com |

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ....................................................... ii

TABLE OF CONTENTS.......................................................................... iii

INDEX OF AUTHORITIES.......................................................................v

STATEMENT OF THE CASE.................................................................. vii

STATEMENT REGARDING ORAL ARGUMENT .......................................... viii

ISSUES PRESENTED............................................................................ ix

1.     Because the evidence is conclusive that the City of San Antonio did not have subjective awareness of its fault, the City of San Antonio did not have actual notice. ................................................................ ix

2.     Because the City of San Antonio conclusively disproved it had actual notice, it retains governmental immunity from suit that defeats the trial court's subject matter jurisdiction...................................................... ix

STATEMENT OF FACTS ........................................................................1

SUMMARY OF THE ARGUMENT ...........................................................2

ARGUMENT ......................................................................................3

I.     Notice provisions are jurisdictional requirements in suits against a governmental unit. ...................................................................... 3

II.     Tenorio did not comply with any of the notice provisions............................ 5

III.     Actual notice means subjective awareness of fault. ...................................... 5

IV.     There is not a shred of evidence within the exhaustive investigative materials provided to Tenorio that the City had subjective awareness of fault........................................................................... 9

CONCLUSION .................................................................................10

PRAYER ............................................................................................11

CERTIFICATE OF SERVICE ...........................................................12

CERTIFICATE OF COMPLIANCE...................................................13

APPENDIX

Tab A        Order Denying Defendant, City of San Antonio's Plea to the
             Jurisdiction

# INDEX OF AUTHORITIES

**Cases**                                                       **Page**

*Bland Indep. Sch. Dist. v. Blue,*
34 S.W.3d 547 (Tex. 2000) .......................................................................3

*Cathey v. Booth,*
900 S.W.2d 339 (Tex. 1995) (per curiam) ........................................... 5, 6

*City of Amarillo v. Martin,*
971 S.W.2d 426 (Tex. 1998) ....................................................................4

*City of Dallas v. Carbajal,*
324 S.W.3d 537 (Tex. 2010) ................................................................ 4, 7

*City of Houston v. Torres,*
621 S.W.2d 588 (Tex. 1981) ....................................................................5

*Harris County v. Sykes,*
136 S.W.3d 635 (Tex. 2004) ....................................................................4

*Mayhew v. Town of Sunnyvale,*
964 S.W.2d 922 (Tex. 1998) ....................................................................3

*Miranda v. Tex. Dep't of Parks & Wildlife*,
133 S.W.3d 217 (Tex. 2004). ...................................................................3

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*
852 S.W.2d 440 (Tex. 1993) ....................................................................3

*Tex. Dep't of Criminal Justice v. Miller,*
51 S.W.3d 583 (Tex. 2001) ................................................................. 3, 4

*Tex. Dep't of Transp. v. Jones,*
8 S.W.3d 636 (Tex. 1999) ........................................................................4

*Tex. Natural Res. Conservation Comm'n v. IT-Davy,*
74 S.W.3d 849 (Tex. 2002) ......................................................................3

*Texas Department of Criminal Justice v. Simons,*
140 S.W.3d 338 (Tex. 2004) ................................................................ 6, 8

**Statutes**

TEX. CIV. PRAC. & REM. CODE ANN., Chapter 101.......................... 1, 2, 4, 5, 8, 9
TEX. GOV'T CODE § 311.034...............................................................................4

# STATEMENT OF THE CASE

*Nature of the case.*  Roxana Tenorio, Individually and on behalf of Pedro Tenorio, Deceased ("Tenorio"), brought suit against the City of San Antonio under the Texas Tort Claims Act. CR 1-6.

*Course of proceedings.*  The City of San Antonio filed a Plea to the Jurisdiction based on Tenorio's failure to provide notice of her claim within the relevant city charter and statutory notice provision deadlines and because the City of San Antonio did not have actual notice of her claim. CR 11-61.

*Trial court disposition.*  The trial court denied the City of San Antonio's Plea to the Jurisdiction. Tab A. CR 76-77.

## STATEMENT REGARDING ORAL ARGUMENT

Because the evidence is conclusive that the City of San Antonio was not subjectively aware of its fault, the City of San Antonio did not have actual notice. The City of San Antonio does not believe this Court's decisional process will be aided by oral argument.

# ISSUES PRESENTED

1.      Because the evidence is conclusive that the City of San Antonio did not have subjective awareness of its fault, the City of San Antonio did not have actual notice.

2.      Because the City of San Antonio conclusively disproved it had actual notice, it retains governmental immunity from suit that defeats the trial court's subject matter jurisdiction.

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Appellant, CITY OF SAN ANTONIO, files this its Brief of Appellant, and respectfully shows the Court as follows:

## STATEMENT OF FACTS

Tenorio brought suit against the City of San Antonio ("the City") under the Texas Tort Claims Act ("TTCA") TEX. CIV. PRAC. & REM. CODE ANN., Chapter 101, alleging that she was severely injured, and her husband was killed, in a motor vehicle collision on September 2, 2012. At the time of the collision she and her husband were riding on a motorcycle on Loop 410 in San Antonio, Texas when they were struck head-on by a vehicle being operated by Defendant, Benito Garza. Garza was driving on the wrong side of the highway at the time of the collision. Tenorio alleges that at the time of the collision Garza was being pursued by officers of the San Antonio Police Department ("SAPD") and further alleges that SAPD officers were negligent in initiating the pursuit and in failing to terminate the pursuit. CR 1-6.

Tenorio did not give the City notice of her claim, nor of the claim asserted on behalf of her husband, before filing suit almost two years after the collision. Tenorio failed to give the City notice of her claim within ninety (90) days as required under Article XII, Sec. 150 of the City of San Antonio Charter (CR 58) and failed to give notice of her claim within six months as required by §101.101

Tex. Civ. Prac. & Rem. Code Ann. Instead, Tenorio asserts that the City had actual notice of her claim as a result of (1) the "Texas Peace Officer's Crash Report" (TXDOT Form CR-3) prepared by SAPD after the accident[1] (2) a number written witness statements; and (3) by the SAPD Incident Report. CR 55.

## SUMMARY OF THE ARGUMENT

Notice to a governmental entity, such as the City of San Antonio, is a jurisdictional requirement. Tenorio did not give notice of her claim to the City of San Antonio as required by TEX. CIV. PRAC & REM. CODE ANN. §101.101(a) nor did she give notice of her claim against the City as required by Article XII, Sec. 150 of the Charter of the City of San Antonio and as ratified by TEX. CIV. PRAC & REM. CODE ANN. §101.101(b). Likewise, the City of San Antonio did not have actual, subjective awareness of its alleged fault in producing or contributing to Tenorio's injuries or those of her husband. Accordingly, the trial court lacks subject matter jurisdiction because the City of San Antonio retains its governmental immunity. Tenorio's suit should be dismissed for lack of jurisdiction.

---

[1] The codes contained in the Texas Peace Officer's Crash Report – Code Sheet (TxDOT Form CR – 3CS) can be found on the Texas Department of Transportation's website at: *http://ftp.dot.state.tx.us/pub/txdot-info/trf/crash_notifications/cr3_code_sheet.pdf*; also see CR 59-60.

# ARGUMENT

## I. Notice provisions are jurisdictional requirements in suits against a governmental unit.

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Miranda v. Tex. Dep't of Parks & Wildlife*, 133 S.W.3d 217, 224 (Tex. 2004). A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). A party suing a governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001). Whether a trial court has subject matter jurisdiction is a question of law subject to *de novo* review by the appellate court. *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). When considering a plea to the jurisdiction, the court must construe the pleadings in favor of the pleader and look to the pleader's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). However, the court is not required to look solely to the pleadings when deciding a plea to the jurisdiction; the court may consider evidence relevant to jurisdiction when necessary to resolve the jurisdictional issue. *Blue,* 34 S.W.3d at 555.

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the State expressly consents to the suit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). A plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Miller,* 51 S.W.3d at 587. Thus, under the doctrine of governmental immunity, a municipality is immune from tort liability for its own acts or the acts of its agents and employees unless the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §101.001 *et seq.* ("the TTCA") clearly and unambiguously waives immunity. *City of Amarillo v. Martin,* 971 S.W.2d 426 (Tex. 1998). In order to recover against a governmental entity, such as the City of San Antonio, a plaintiff must give timely notice of her claim to the City. TEX. CIV. PROC. & REM. CODE § 101.101(a).

The provision of notice is a jurisdictional requirement in all suits against a governmental unit. TEX. GOV'T CODE § 311.034; *See also City of Dallas v. Carbajal,* 324 S.W.3d 537 (Tex. 2010). Article XII, Section 150 of the City of San Antonio Charter requires a plaintiff to give the City written notice of any claim for injuries or damages within ninety (90) days after the injuries or damages were sustained, as a condition precedent to recovery. CR 58. Section 101.101(b) of the

-4-

Texas Tort Claims Act ("TTCA") ratifies and approves this provision. *See* TEX. CIV. PRAC & REM. CODE ANN. §101.101(b). The Texas Supreme Court has held that Charter notice requirements are mandatory and their satisfaction is a condition precedent to maintaining a cause of action. *See City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex. 1981).

**II.     Tenorio did not comply with any of the notice provisions.**

Tenorio concedes in her Answers to Interrogatories that she did not give notice of her claim to the City of San Antonio within the time prescribed by the City Charter. She likewise concedes that she did not give notice of her claim against the City of San Antonio in the timeframe provided by Tex. Civ. Prac. & Rem. Code Ann. §101.101(a). CR 55. Therefore, Tenorio must rely upon the "actual notice" provision of the TTCA.

**III.     Actual notice means subjective awareness of fault.**

Section 101.101(c) of the TTCA provides that the formal notice requirements of section 101.101(a) "do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." TEX. CIV. PRAC & REM. CODE ANN. § 101.101(c). In *Cathey v. Booth*, the Texas Supreme Court held that a governmental entity has actual notice when it has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or

contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). In *Texas Department of Criminal Justice v. Simons,* 140 S.W.3d 338, 343–48 (Tex. 2004) the Texas Supreme Court clarified the meaning of the second requirement:

> What we intended in *Cathey* by the second requirement ... was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury.... It is not enough that a governmental unit should have investigated an incident ..., or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

140 S.W.3d at 347–48.

In this passage, and several others, the Texas Supreme Court has made clear that merely investigating an accident is insufficient to provide a city with actual notice of a claim. *See, e.g., id.* at 347 ("*Cathey* cannot fairly be read to suggest that a governmental unit has actual notice of a claim if it could or even should have learned of its possible fault by investigating the incident."); *id.* at 348 ("[A] governmental unit cannot acquire actual notice merely by conducting an investigation, or even by obtaining information that would reasonably suggest its

culpability. The governmental unit must have actual, subjective awareness of its fault in the matter.").

The Texas Supreme Court has explicitly held that a police report noting the perceived cause of an accident does not provide a governmental unit with actual notice of its fault in causing the accident. In *City of Dallas v. Carbajal,* 324 S.W.3d 537 (Tex. 2010) the Texas Supreme Court held that a police report concerning an automobile accident was, at most, an initial response to an accident, and held that the police report failed to give the City of Dallas actual notice of the Plaintiff's claim. *See id.* at 538.

The facts of *Carbajal* are highly instructive. Olivia Carbajal sued the City of Dallas for injuries she sustained after driving onto an excavated road. *Id.* at 538. A Dallas police officer who responded to the accident filed a written report describing the accident, in relevant part, as follows:

> Comp[lainant] said that she saw the barricades but none were blocking what she thought was a clear way to get on the freeway. Comp[lainant] said that before she knew it she had driven her veh[icle] into a gap on the street. [I] observed at the listed offense loc[ation] that there were no barricades blocking the gap in the road.

*Id.* at 538.

Summarizing the incident, the police report stated that Carbajal drove her "veh[icle] into [a] gap in [the] street [that] was not properly blocked." *Id.* at 538. Approximately a year after the accident, Carbajal filed suit against the City of

-7-

Dallas. *Id.* at 538. It was undisputed that Carbajal did not provide formal notice as required by TEX. CIV. PRAC & REM. CODE ANN. § 101.101(a). *Id.* at 538. Carbajal contended, however, that the police report provided the City of Dallas with subjective awareness of the claim, thereby establishing actual notice under TEX. CIV. PRAC & REM. CODE ANN. § 101.101(c). Arguing that the report did not provide actual notice, the City of Dallas filed a plea to the jurisdiction. The trial court denied the plea, and the court of appeals affirmed.

In reversing the holding of the Dallas Court of Appeals, the Texas Supreme Court noted that, even though both parties agreed that the road was not properly barricaded, the police report in question did not provide the City of Dallas with subjective awareness of its fault because it did not expressly state that the City was at fault. *Carbajal,* 324 S.W.3d at 538. The Court noted that the report only described the apparent cause of the accident (missing barricades) and did not say who failed to erect or maintain the barricades. *Id.* at 538. The Texas Supreme Court held that the police report was merely a routine investigation, and was insufficient to provide actual notice to the City of Dallas. *Id.* at 538 (*citing Texas Department of Criminal Justice v. Simons,* 140 S.W.3d 338 (Tex. 2004)).

**IV. There is not a shred of evidence within the exhaustive investigative materials provided to Tenorio that the City had subjective awareness of fault.**

In this case, Tenorio admits that she failed to give notice of her claim to the City of San Antonio as required by §101.101 Tex. Civ. Prac. & Rem. Code Ann. Likewise, Tenorio admits that she did not give notice to the City of San Antonio as required by the City Charter. Instead, Tenorio contends (CR 55) that the City had actual notice of her claim by virtue of (1) the Texas Peace Officer's Crash Report (CR 22-25); (2) the sworn statements of the witnesses (CR 26-43); and (3) the SAPD Offense Report concerning the crash in question (CR 44-52).

But none of these documents support Tenorio's contention. Nowhere in any of the documents identified by Tenorio does it allege that the City, or any employee of the City, caused the accident, was at fault, did anything wrong or was in any way culpable. In Box No. 36 of the Texas Peace Officer's Crash Report, labeled "Contributing Factors (Investigator's Opinion)", the vehicle designated as "Unit 1" ( Unit 1 is identified on the first page of the Crash Report as being operated by Garza) the investigating officer listed the code number "43" which means "Fleeing or Evading Police". CR 23. The investigating officer did not list any other factors that contributed to the accident. The investigating officer only attributed contributing factor to Garza and did not list any city employee as contributing to the cause of the accident.

In the "Investigator's Narrative Opinion of What Happened" the investigating officer notes that "driver of unit 1 was evading police" but says nothing that even infers that any City employee did anything wrong or was at fault in any way in causing the accident. CR 23. Nowhere in any of the written statements identified by the Tenorio does anyone say that the City, or any of its employees did anything wrong, and nowhere in the SAPD Incident report does it say that the City, or any of its employees did anything wrong. CR 26-52. Absent some evidence, somewhere, that the City or its employees did something wrong or was in some way at fault in causing the Tenorio's injuries or her husband's death, there is no actual notice to the City. If there is no actual notice to the City, then the City's immunity to suit is preserved and the case must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Notice of a claim to a governmental entity, such as the City of San Antonio, is a jurisdictional requirement. Because Tenorio did not give formal notice of her claim to the City of San Antonio under the City Charter or by statute, she must show that the City had actual, subjective awareness of its fault or culpability in causing the accident. In this case, the City did not have actual notice of its alleged culpability. The Texas Peace Officer's Crash Report, the written witness statements and the SAPD Offense Report concerning the crash in question do not

-10-

contain any allegation of wrongdoing on the part of the City or its officers. None of the documents submitted as part of the City's Plea or Tenorio's response make any reference to the City's fault or culpability in causing the accident. The City conclusively proved it did not have actual notice.

## PRAYER

Appellant, City of San Antonio, prays that the trial court's denial of its Plea to the Jurisdiction be reversed and the case dismissed for lack of subject-matter jurisdiction. The City also prays for all such other relief to which it is entitled.

Respectfully submitted,

Martha G. Sepeda, Acting City Attorney
State Bar No. 13143100
Michael D. Siemer, Assistant City Attorney
State Bar No. 18343670
Office of the City Attorney
Litigation Division
111 Soledad Street, 10th Floor
San Antonio, Texas 78205
(210) 207-8784 – Phone
(210) 207-4357 – Fax
martha.sepeda@sanantonio.gov
michael.seimer@sanantonio.gov

-11-

/s/Dan Pozza

Dan Pozza
State Bar No. 16224800
239 East Commerce Street
San Antonio, Texas  78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com
ATTORNEYS FOR APPELLANT
CITY OF SAN ANTONIO

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing ***Brief of Appellant*** was served via electronic transmission, on this the 25th day of June, 2015, to:

Joe Brad Brock
Law Office of Joe Brad Brock
5866 S. Staples, Suite 103
Corpus Christi, TX  78413
joebrad@thebrocklawfirm.com

*Attorney for Rosana Tenorio, Individually*
*and on Behalf of Pedro Tenorio, Deceased*

/s/Dan Pozza

# CERTIFICATE OF COMPLIANCE

1.      The undersigned certifies that this Brief of Appellant complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D) because this brief contains 2,600 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.      This brief complies with the typeface requirement of Tex. R. App. P. 9.4(e) because this brief has been prepared in a conventional typeface of 14-point font in the text.


                                        /s/Dan Pozza_____



**TAB A**

No. 2014CI14704

| ROXANA TENORIO, INDIVIDUALLY AND ON BEHALF OF PEDRO TENORIO, DECEASED | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 73RD JUDICIAL DISTRICT |
| | § | |
| BENITO GARZA AND CITY OF SAN ANTONIO | § | BEXAR COUNTY, TEXAS |

## ORDER DENYING DEFENDANT, CITY OF SAN ANTONIO'S PLEA TO THE JURISDICTION

On this date came on to be heard Defendant CITY OF SAN ANTONIO'S Plea to the Jurisdiction. The Plaintiff and the Defendant appeared by and through counsel, and after considering the City of San Antonio's Plea to the Jurisdiction, the pleadings on file and the argument of counsel, the Court finds the Defendant, City of San Antonio's Plea to the Jurisdiction should be in all things DENIED.

Accordingly, it is Ordered, Adjudged, and Decreed that Defendant, City of San Antonio's, Plea to the Jurisdiction is DENIED.

SIGNED AND ENTERED this 20 day of ~~March~~ APRIL, 2015.

_____
PRESIDING JUDGE

**APPROVED AS TO FORM ONLY:**

CITY OF SAN ANTONIO
Martha G. Sepeda, Acting City Attorney
SBN: 13143100
Office of the City Attorney
Litigation Division
111 Soledad St., 10th Floor
San Antonio, TX 78205

_____
Michael D. Siemer
Assistant City Attorney
SBN: 18343670
(210) 207-8784 / (210) 207-4357 FAX
*Attorney for Defendant, City of San Antonio*

Law Office of Joe Brad Brock
5866 S. Staples, Suite 103
Corpus Christi, Texas 78413

_____
Joe Brad Brock
*Attorney for Plaintiff*
SBN: