In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-18-00236-CV

JEFFERSON COUNTY, TEXAS, Appellant

V.

LUIS FERNANDO MARTINEZ REYES, Appellee

**On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-201,612**

## MEMORANDUM OPINION

Luis Fernando Martinez Reyes sued Jefferson County, Texas (the County) and County employee Lawrence Flanagan, Jr. under the Texas Tort Claims Act (TTCA) for injuries and property damage resulting from an automobile collision

with Flanagan on April 19, 2016.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (West 2011). The County filed a plea to the jurisdiction arguing Reyes failed to comply with the notice requirements in Local Government Code section 89.004. *See* Tex. Loc. Gov't Code Ann. § 89.004(a) (West 2008).

Specifically, the County asserted Reyes failed to provide notice to the Jefferson County Commissioners Court, and his failure to comply with section 89.004 prior to filing his lawsuit was a jurisdictional defect. The trial court denied the plea to the jurisdiction, which the County now challenges in this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2018). In response, Reyes argues: (1) the trial court's denial of the County's plea was proper because he provided proper pre-suit notice pursuant to section 101.101 of the TTCA; and (2) the trial court properly denied the County's plea to the jurisdiction because a letter sent to the County's Risk Department substantially complied with the notice requirements in section 89.004 of the Local Government Code.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (West 2011); Tex. Loc. Gov't Code Ann. § 89.004(a).

---

[1] Although Flanagan was initially named as a defendant in Reyes's lawsuit, Reyes removed Flanagan as a defendant in his first amended original petition. Flanagan is not a party to this appeal.

[2] Reyes's brief refers to these assertions as "Cross-Point Issues." However, Reyes did not file his own notice of appeal, so these points are two responsive arguments Reyes makes to the County's issue on appeal.

## Background

Reyes's live pleading alleges he was injured on April 19, 2016, when a vehicle driven by Flanagan, in the course and scope of his employment with the County, negligently collided with Reyes's vehicle. Reyes, through counsel, sent a letter dated June 1, 2016, addressed to "Risk Management Jefferson County[.]" The correspondence in its entirety reads as follows:

> Please be advised that I represent the above claimant in a cause of action for very serious bodily injury and property damage caused by the negligence of your insured on the above date. I have been assigned an undivided interest in the claimant's cause of action and would request that all communications concerning my client be directed only to me. Please send me a copy of the crash report, copies of all statements taken from my client, if any, and contact my assistant, Cynthia Rodriguez Aguirre, to acknowledge the receipt of this letter. I look forward to working with you toward a quick and amicable resolution of this claim.

In the "RE:" heading, the letter further provided the date of loss, Reyes's name, and Flanagan's name. In response, Tristar Risk Management (Tristar) sent a letter dated June 21, 2016, to Reyes's counsel and advised it was a "Third Party Administrator contracted by Jefferson County, Texas to investigate and handle claims within their Self Insured Retention." The letter from Tristar provided a claim number, and indicated their client was the County. Thereafter, on June 29, 2016, Tristar sent another letter to Reyes's counsel stating "[a]fter an investigation of the facts, the County of Jefferson must deny your client's claim. Our investigation failed to find

3

any negligent conduct on the part of the County or its employees which proximately caused your client's damages."

Reyes filed his original petition suing the County and Flanagan under the TTCA on April 17, 2018. The County filed its plea to the jurisdiction and a separate motion to dismiss Flanagan. Reyes subsequently amended his petition, omitting Flanagan as a defendant. In its plea to the jurisdiction, the County argued Reyes did not comply with the presentment and notice provision of section 89.004 of the Local Government Code, and because the provision was a jurisdictional prerequisite to suit, Reyes's failure to comply deprived the trial court of jurisdiction. *See* Tex. Loc. Gov't Code Ann. § 89.004(a). Reyes responded that the trial court's denial of the County's plea was proper and argued: (1) he complied with section 101.101 of the Texas Tort Claims Act; and (2) he substantially complied with the notice provision of section 89.004 of the Local Government Code. The trial court denied the County's plea without stating the grounds for its denial, and this interlocutory appeal ensued. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). We reverse and render judgment for the County.

**Standard of Review**

Section 51.014 of the Texas Civil Practice and Remedies Code gives us jurisdiction over this interlocutory appeal of the trial court's denial of the County's plea to the jurisdiction. *See* Tex. Civ. Prac & Rem. Code Ann. § 51.014(a)(8).

"Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999)). A plea to the jurisdiction is a dilatory plea typically used to defeat a plaintiff's cause of action regardless of whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial court's ruling on a plea to the jurisdiction based on immunity from suit under a *de novo* standard. *Miranda*, 133 S.W.3d at 226. When doing so, we examine the factual allegations contained in the pleadings and relevant jurisdictional evidence. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625–26 (Tex. 2010); *Bland*, 34 S.W.3d at 555. When pleadings are challenged by a plea to the jurisdiction, a court must determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction, and the court must liberally construe the pleadings. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). "However, if a plea to the jurisdiction challenges the

5

existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227 (citing *Bland*, 34 S.W.3d at 555). In that situation, our review of a plea to the jurisdiction is similar to a traditional motion for summary judgment. *See id.* at 228.

Our inquiry into subject matter jurisdiction "is not necessarily confined to the precise jurisdictional challenges or arguments presented by the parties, because jurisdictional requirements may not be waived and 'can be—and if in doubt, must be—raised by a court on its own at any time,' including on appeal." *See City of Austin v. Util. Assocs., Inc.*, 517 S.W.3d 300, 307 (Tex. App.—Austin 2017, pet. denied) (quoting *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 580 (Tex. 2013)). The trial court's order does not state the grounds on which the court denied the County's Plea to the Jurisdiction. Accordingly, our discussion departs somewhat from the framing of the parties' framing of the jurisdictional issues.[3] *See id.*

---

[3] While the County's issue on appeal is that the trial court erred in denying its plea to the jurisdiction, the argument advanced by the County focuses on section 89.004 of the Local Government Code, which requires presentment to the commissioners court prior to filing suit. *See* Tex. Loc. Gov't Code Ann. § 89.004(a) (West 2008). In response, Reyes argues he provided requisite notice under section 101.101 of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a) (West 2011). Because the underlying litigation in this matter is brought under the TTCA, we feel it necessary to begin our analysis with the notice provisions in the TTCA as opposed to section 89.004.

**Texas Tort Claims Act and Notice Requirements**

Absent a waiver, governmental entities, like the County, are generally immune from suits for damages. *See Univ. of Tex. Sw. Med. Ctr. Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010). The TTCA waives governmental immunity for negligent acts in certain circumstances and specifically for negligent acts while operating a motor-driven vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). To avail himself of the statutory waiver of immunity under the TTCA, a plaintiff must comply with specific pre-suit notice requirements. *See id.* § 101.101. These notice provisions are jurisdictional in TTCA cases. *See* Tex. Gov't Code Ann. § 311.034 (West 2013); *Colquitt v. Brazoria Cty.*, 324 S.W.3d 539, 542 (Tex. 2010); *City of Dallas v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex. 2010). The purpose of the TTCA notice provision is to provide "prompt reporting of claims to enable the municipality to investigate" claims and "gather the information needed to guard against unfounded claims, settle claims[,] and prepare for trial." *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex. 1981). Failure to comply with the TTCA's notice provisions deprives the trial court of subject matter jurisdiction. *Carbajal*, 324 S.W.3d at 537–38. There are two types of notice contemplated under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a), (c).

7

The first type of notice is formal written notice. *See Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). The TTCA states "[a] governmental unit is entitled to receive notice of a claim against it . . . not later than six months after the day that the incident giving rise to the claim occurred." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). That provision further specifies the notice must describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident. *See id.*

The second type of notice contemplated by the TTCA is actual notice. *See id.* § 101.101(c). An exception to the written pre-suit notification requirement is if the governmental unity has "actual notice" the claimant sustained "some injury." *See id.* In *Cathey*, the Texas Supreme Court determined that for a governmental unit to have actual knowledge, the governmental unit must have knowledge of: "(1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." 900 S.W.2d at 341; *see also City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018); *Tex. Dep't of Crim. Justice v. Cisneros*, 09–17–00161-CV, 2018 WL 1095533, at *2 (Tex. App.—Beaumont Mar. 1, 2018, no pet.) (mem. op.). In a later case, the Court explained the "subjective awareness" component outlined in *Cathey* "includes subjective awareness of its fault, as ultimately alleged

8

by the claimant, in producing or contributing to the claimed injury." *See Tex. Dep't Crim. Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004); *see also Tenorio*, 543 S.W.3d at 776. Actual notice is a fact question when the evidence is disputed and a question of law when the evidence is undisputed. *See Simons*, 140 S.W.3d at 348. The actual notice requirement is not met simply because "a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault." *Id.* at 347–48; *see also Tenorio*, 543 S.W.3d at 776.

**Analysis**

In the present case, the written letter sent to the County's Risk Management Department did not include the requisite information as outlined in the TTCA notice provision section 101.101(a). *See* Tex. Civ. Prac. & Rem. Code § 101.101(a). The letter provided a date the incident occurred, Reyes's name, Flanagan's name, and indicated Reyes sustained "very serious bodily injury and property damage caused by the negligence of [the County's] insured[.]" However, the letter failed to provide a place of the incident and failed to "reasonably describe" the incident. *See*, *e.g.*, *City of Beaumont v. Armstead*, No. 09-15-00480-CV, 2016 WL 1053953, at *3 (Tex. App.—Beaumont Mar. 17, 2016, no pet.) (mem. op.) (noting letter that failed to

9

provide any time or description of the incident or place of the accident was insufficient notice); *Tex. Dep't of Crim. Justice v. Thomas*, 263 S.W.3d 212, 218 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding the letter describing the injury and date but not the incident was insufficient notice under section 101.101(a)). Although the correspondence requests a copy of the "crash report," nothing in the letter indicates what type of crash occurred. We conclude the June 1, 2016 letter Reyes sent to the County was insufficient notice pursuant to section 101.101(a) of the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a).

We must now determine if the County had "actual notice" of the claim pursuant to section 101.101(c) of the TTCA. Through Tristar, the County acknowledged receipt of the claim, indicated it investigated the facts, and denied the claim. The County further explained its "investigation failed to find any negligent conduct on the part of the County or its employees which proximately caused [Reyes's] damages." A critical component of actual notice is a "subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the clamed injury." *See Simons*, 140 S.W.3d at 347. Here, the undisputed evidence provided by Reyes in response to the County's plea to the jurisdiction reveals the County, even after an investigation of the facts, did not have a subjective awareness that their employee's conduct proximately caused Reyes's injuries. *See Tenorio*, 543

10

S.W.3d at 776; *Simons*, 140 S.W.3d at 347; *Cathey*, 900 S.W.2d at 341; *Cisneros*, 2018 WL 1095533, at \*4 (explaining the fact the governmental unit investigated the accident does not constitute subjective awareness that its fault produced or contributed to the claimant's injury). The evidence establishes the County failed to uncover any negligent conduct in its investigation. Therefore, it lacked the subjective awareness necessary for actual notice. *See Cisneros*, 2018 WL 1095533, at \*4; *see also Tenorio*, 543 S.W.3d at 776; *Simons*, 140 S.W.3d at 347–48. We conclude the County did not have actual notice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c); *Tenorio*, 543 S.W.3d at 776; *Simons*, 140 S.W.3d at 347–48.

Because we have determined Reyes failed to meet the notice requirements of section 101.101(a), and the County did not have actual notice pursuant to section 101.101(c), we conclude the trial court lacked subject matter jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.101(a), (c); Tex. Gov't Code Ann. § 311.034; *Carbajal*, 324 S.W.3d at 538–39. We do not reach the County's argument regarding section 89.004 of the Local Government Code, as failure to provide notice under section 101.101 of the TTCA is determinative to the outcome of this appeal, and an analysis of section 89.004 would not afford the County any greater relief.

11

## Conclusion

We determine Reyes failed to provide formal written notice as required by section 101.101(a) of the TTCA, and the County did not have "actual notice" contemplated by section 101.101(c) of the TTCA. We sustain the County's sole issue on appeal. We reverse the trial court's order denying the County's plea to the jurisdiction, render judgment in favor of the County, and dismiss Reyes's claims with prejudice.

REVERSED AND RENDERED.

_____
CHARLES KREGER
Justice

Submitted on October 10, 2018
Opinion Delivered November 15, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.